UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
GARY R. ROTENBERG and JANE J. DICKSON,           08 CIV 4703 (SCR)

                    Plaintiffs,                  Judge Robinson
     - against –

                                              NOTICE OF MOTION
THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually),
JAYNE GREENWALD, and
BLAINE GREENWALD,

                  Defendants.
-------------------------------------------------------------------- X

      Upon the annexed affirmation of Ralph F. Schoene, dated the 30th day of June, 2008, and upon the affidavits of defendants JAYNE GREENWALD and BLAINE GREENWALD, and upon the complaint filed herein, and upon the accompanying memorandum of law, and upon the accompanying Packet of Exhibits, the undersigned will move this court at the courthouse located at  300 Quarropas Street, White Plains, New York 10601  on the 28th day of July, 2008, at 9:30 a.m. in the forenoon of that date, or as soon thereafter as counsel can be heard, for an order pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and 56, dismissing, with prejudice, plaintiff's complaint in its entirety insofar as it attempts to allege causes of action against defendants, JAYNE GREENWALD and BLAINE GREENWALD.

Dated:  White Plains, New York
        June 30, 2008

Yours, etc.

VOUTÉ, LOHRFINK, MAGRO & COLLINS, LLP
Attorneys for Defendants GREENWALD

By: _Ralph S. Schoene_____

RALPH F. SCHOENE                    4547

170 Hamilton Avenue
White Plains, New York 10601-1789
Tel.:  (914) 946-1400
Fax:   (914) 946-8024


TO:   MICHAEL J. ANDREWS, P.C.
      Attorneys for Plaintiffs
      60 East 42nd Street, 47th Floor
      New York, New York  10165
      (212) 557-7767

      MIRANDA & SOKOLOFF, ESQS.
      Attorneys for Defendants
      THE TOWN OF MAMARONECK and
      RONALD A. CARPANETO
      240 Mineola Blvd.
      Mineola, New York  11501
      (516) 741-8388


999-11-20325:rl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
GARY R. ROTENBERG and JANE J. DICKSON,                    08 CIV 4703

                       Plaintiffs,        Judge Robinson
      - against –

                                                    AFFIRMATION
THE TOWN OF MAMARONECK,                                   IN SUPPORT
RONALD A. CARPANETO, (individually),
JAYNE GREENWALD, and
BLAINE GREENWALD,

                       Defendants.
--------------------------------------------------------------- X


     RALPH F. SCHOENE, an attorney duly admitted to practice law in the courts of the State of New York, hereby affirms the truth of the following under penalty of perjury:


     1.     I am a member of the law firm of Vouté, Lohrfink, Magro & Collins, LLP, attorneys for defendants, JAYNE GREENWALD AND BLAINE GREENWALD, and as such I am familiar with the facts and circumstances of this matter.


     2.     This affirmation is respectfully submitted in support of the instant motion seeking dismissal of plaintiffs's complaint pursuant to Federal Rules of Civil Procedure Rules 12(b)(6) and 56.


     3.     Plaintiffs' complaint was filed with the clerk of this court on May 20, 2008 and served upon defendants JAYNE GREENWALD and BLAINE GREENWALD on June 11, 2008. This motion is therefore timely.


     4.     As demonstrated in the annexed affidavits of Blaine Greenwald and Jayne Greenwald, the accompanying memorandum of law, and the packet of exhibits,

plaintiffs's complaint, insofar as it seeks to assert claims against the Greenwalds, must be dismissed because the complaint does not attempt to assert a federal cause of action against the Greenwalds and the state law causes of action are unsustainable as a matter of law.

WHEREFORE, it is respectfully requested that the court grant the instant motion and dismiss all causes of action asserted against the Greenwalds with prejudice.

Dated:  White Plains, New York
       June 30, 2008

 

RALPH F. SCHOENE       4547

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

GARY R. ROTENBERG and JANE J. DICKSON,                   08 CIV 4703

                   Plaintiffs,                   Judge Robinson

      - against –                              AFFIDAVIT

THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually),
JAYNE GREENWALD, and
BLAINE GREENWALD,

                 Defendants.
------------------------------------------------------------------- X


STATE OF NEW YORK        )
                          )    ss.:
COUNTY OF WESTCHESTER    )


      BLAINE GREENWALD, being duly sworn, deposes and says:


    1.    I reside at 2 Lafayette Road, Larchmont, New York 10538, which is part of the Town of Mamaroneck, and, along with my wife, JAYNE GREENWALD, am a defendant in the above captioned matter.    I am a private citizen, and have never been employed by the Town of Mamaroneck or been an agent of the Town of Mamaroneck in any way. My only connection to the Town is that I reside within it.


    2.    I submit this affidavit in support of our motion pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure for an order of this court dismissing plaintiffs' action for failure to state a claim upon which relief can be granted. This action

represents the second time that the plaintiffs have sought to assert claims against my wife and me; the first time, last year in state court, resulted in a dismissal of the complaint.

3.    The plaintiffs, GARY R. ROTENBERG and JANE J. DICKSON, are former neighbors of ours who, until sometime in 2006, resided at 5 Huguenot Drive, Larchmont, New York, which is also in the Town of Mamaroneck. To our knowledge, Mr. Rotenberg and Ms. Dickson were residing in that house when my wife and I purchased our home in December, 1988. For ease I will refer to Mr. Rotenberg and Ms. Dickson, who are married to each other, as the Rotenbergs.

4.    The complaint which names my wife and me as defendants is a terribly upsetting example of the type of abuse that is possible in our society which allows anyone to file a civil complaint no matter how absurd the allegations. My attorney has expressed the opinion that the complaint does not set forth a claim under federal law nor, for that matter, the elements of any cause of action recognized by the courts of the State of New York, and I therefore submit this affidavit in support of our motion to dismiss the lawsuit.

5.    Because the gist of the complaint speaks of the retaining wall that separates the Rotenbergs's former property from our property, a brief description of the two parcels and the retaining wall is in order.

6.    As I mentioned earlier, my wife and I reside at 2 Lafayette Road. Our parcel of property has what I would describe as a trapezoid shape, the base of which forms our property's boundary with Lafayette Road while the top of the trapezoid forms the boundary with the property formerly owned by the Rotenbergs. There is a significant difference in elevation between the two properties with the Rotenbergs' property being approximately 15 to 20 feet higher than our back yard. Separating the two parcels is a massive retaining wall which spans the entire length of the boundary between the two parcels.   The length of that retaining wall is approximately 45 feet. At its highest point, approximately 20 feet, the wall is also at its closest proximity to the back of our house structure, only 20 feet away.  That is why we are so concerned about the wall's integrity, for if it were to collapse or even partially collapse, it would tumble into our house.

7.    The retaining wall sits entirely on what was formerly the Rotenbergs' property and was owned by them.

8.    Attached to these motion papers as Exhibit "D" are several photographs which were taken in April, 2006 which accurately depict the condition of the wall.  (The wall actually has two components, a lower portion consisting of a combination of stone and mortar and an  upper portion comprised of a concrete block extension which was built on top of the stone/mortar portion).  As these photographs demonstrate, there are several cracks throughout the expanse of the wall at various places on both the concrete block and stone sections of the wall.  One of those cracks has a zigzag type of pattern

- 3 -

extending from the top of the concrete block section to where the concrete block section meets the stone section. Throughout the stone block section there are several steel tieback plates, which I believe are supposed to serve a stabilizing function, which appear to have rusted. What I find most worrisome, however, is that the concrete block section has shifted over time, thereby bringing about a large gap between the concrete block section and the stone section and a three to five inch overhang. There is also an obvious lean of the wall toward our property. Even a casual glance at the wall is enough to cause one to at least wonder about its structural integrity.

9.      On or about April 6, 2006, Mr. Rotenberg came to our home for the first time in 17 years, and requested that we allow a mason access to our property for – as we understood it -- the purpose of making cosmetic repairs to the wall. As such, it was Mr. Rotenberg himself who brought attention to the wall. My wife and I discussed this and in so doing we realized that a mason might cover over the wall's obvious deficiencies and in so doing compromise the ability of an engineer to evaluate the structural integrity and soundness of the wall. As such, we requested of Mr. Rotenberg that he obtain an engineer's report before a mason undertook any work that might obfuscate the true condition of the wall. In so doing, we indicated that this was an important safety issue for us and them. Mr. Rotenberg adamantly refused our request to obtain an engineer's report. At that point we contacted the Town of Mamaroneck in order to discuss whether the wall should be evaluated by an engineer. We were put in contact with the Town's building inspector, Ronald Carpaneto, who suggested that we send a letter to the

- 4 -

Rotenbergs explaining our position and "cc" him a copy. We therefore sent a letter to the Rotenbergs, which is dated April 14, 2006, expressing our concern and offering to allow access to our property by an engineer to assess the structural integrity of the wall. A copy of that letter is annexed to these motion papers as Exhibit "E".

10.     The letter of April 14, 2006 was written to document our concern about the structural integrity of the wall and to express again that it was important for an engineer to evaluate the wall's structural integrity before cosmetic repairs were made  Neither I, nor my wife, harbored any intention to impair the plaintiffs's ability to sell their home and/or to decrease the value of the selling price, nor did we seek to coerce plaintiffs into constructing a more aesthetically pleasing retaining wall as alleged in the complaint.

11.     When plaintiffs declined to have an engineer inspect the wall, the Town advised us to retain a licensed engineer and recommended Benedict A. Salanitro, P.E., who we understood to be the building inspector for the Town of Scarsdale. Mr. Salanitro authored a report dated June 14, 2006, which he sent to Mr. Carpaneto of the Town of Mamaroneck in which he expressed his professional opinion that extensive repairs to the wall were needed. The verbiage contained within Mr. Salanitro's report is entirely that of Mr. Salanitro, neither I nor my wife contributed to the creation of Mr. Salanitro's report in any way. Furthermore, the retention of Mr. Salanitro was done only to obtain a professional opinion concerning the structural integrity of the wall, without any

- 5 -

motivation to impair the purchase price of the Rotenbergs's house or to coerce the construction of a more esthetically pleasing retaining wall.

12.    Neither I nor my wife ever requested, or even suggested, that the Town issue a violation notice to the Rotenbergs. Furthermore, at no time did the Town consult with us regarding whether to issue either of the two violation notices. Similarly,  neither I nor my wife ever requested, or even suggested, that the Town issue a summons to the Rotenbergs and at no time did the Town consult with us regarding whether to issue the summons.

13.    My attorney informs me that in order for plaintiffs to maintain a federal civil rights action against my wife and me that plaintiffs must allege and prove that we undertook action, under color of state law, to deprive the Rotenbergs of their federal civil rights.    The complaint fails to contain any allegations that either my wife or I did anything that was designed to deprive plaintiffs of their civil rights, and indeed we did nothing of the kind.    All we did was write a letter expressing concerns about the structural integrity of the retaining wall and, upon the advice of the Town, retain an engineer to inspect the wall, who in turn prepared his own report outlining his observations and conclusions.    Accordingly, there is no basis for plaintiffs to bring suit against us in federal court.

14.    I have been informed by my attorney that plaintiffs's complaint appears to claim that the letters of April 14, 2006 and Mr. Salanitro's report of June 14, 2006, were issued in order to either bring about a breach of a contract to sell the Rotenbergs' home or to interfere with the Rotenbergs ability to enter into a contract to sell their home.  In this regard, the complaint specifically refers to a contract with Coldwell Banker and a contract dated December 7, 2006.  Neither I nor my wife were ever aware that either of these documents existed, and we certainly had no communication with any person about whether or not that person should purchase the Rotenbergs' home.  Indeed, the complaint does not even allege that a breach of contract occurred, or even that we contacted a prospective purchaser and convinced them not to enter into a contract.  Accordingly, there is simply nothing to support the notion that my wife and I committed the tort of interference with contract or interference with prospective advantage.

15.    My attorney also informed me that the complaint attempts to assert the tort of injurious falsehood.  I understand that for such a claim to be sustainable, plaintiffs must demonstrate that our letter of April 14, 2006, casts doubt upon the quality or ownership of plaintiffs's property, that the statements contained therein are false and that the letter was issued with malice.  First of all, the letter was sent to only two individuals, those being the Rotenbergs and Mr. Carpaneto, and not to anyone who might have an interest in purchasing the Rotenbegs' home (the complaint does not even allege that anyone other than the Rotenbergs or Mr. Carpaneto even saw the letter).  Moreover, and more importantly, the letter does not make any false factual allegations; all it does is

- 7 -

accurately describe the wall and suggest that it would be wise to assess the structural integrity of the wall before bringing in a mason. As such, not only are there no false statements in the letter, but the letter was not issued with any maiice aforethought.

16.    My attorney also informed me that the complaint attempts to allege prima facie tort, which I am told requires that the defendant undertake an act that has as its sole purpose the infliction of harm upon another without any excuse or justification. Here again, I state unequivocally that there was no intent on our part to inflict harm upon the Rotenbergs. The purpose of the letter, expressed by the plain language of the letter, was to communicate our concern about the structural integrity of the wall, to offer the Rotenbergs the opportunity to have a structural engineer of their choosing enter upon our property for the purpose of conducting an inspection of the wall before any cosmetic cover-up repairs were made, and to put the Rotenbergs on notice that we would hold them responsible in the event that all or part of the wall were to collapse.

17.    My attorney also informs me that the complaint attempts to allege the tort of malicious prosecution, which I am told requires that the defendant institute a judicial proceeding against the plaintiff with malice and without probable cause to do so. In this regard, I state categorically that neither my wife nor I instituted any judicial proceeding of any kind. The only judicial proceeding set forth in the complaint is a summons that was signed by Mr. Carpaneto and served upon the Rotenbergs by the Town of Mamaroneck. Neither I nor my wife signed the summons, suggested that the summons

- 8 -

be issued or even knew in advance that the summons was about to be issued. As such, my wife and I could not have committed this tort.

18. Finally, my attorney informs me that the complaint alleges negligence, which I am told requires that my wife and I breached a duty of care owed to the Rotenbergs that caused injury to them. However, no negligent act is even alleged in the complaint.

19. My wife and I have already had to bear the financial burden of defending ourselves in the previously filed state court action. We should not have to bear the financial burden of a second frivolous lawsuit throughout discovery and we respectfully implore the court to put an end to this unfair abuse of the legal system by granting our motion to dismiss.

_Blaine Greenwald_
BLAINE GREENWALD

Sworn to before me this
30th day of June, 2008

_Ralph S. Schoene_
Notary Public

RALPH F. SCHOENE
Notary Public, State of New York
No. 4713988
Qualified in Westchester County
Commission Expires
4/30/10

- 9 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

GARY R. ROTENBERG and JANE J. DICKSON,                    08 CIV 4703

                              Plaintiffs,                 Judge Robinson

                - against –                               AFFIDAVIT

THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually),
JAYNE GREENWALD, and
BLAINE GREENWALD,

                              Defendants.
------------------------------------------------------------------- X


STATE OF NEW YORK            )
                             )    ss.:
COUNTY OF WESTCHESTER        )


         JAYNEGREENWALD, being duly sworn, deposes and says:


    1.      I reside at 2 Lafayette Road, Larchmont, New York 10538, which is part of

the Town of Mamaroneck, and, along with my husband, BLAINE GREENWALD, am a

defendant in the above captioned matter.   I too am a private citizen, and have never been

employed by the Town of Mamaroneck or been an agent of the Town of Mamaroneck in

any way. My only connection to the Town is that I reside within it.


    2.      I submit this affidavit in support of our motion pursuant to Rules 12(b)(6)

and 56 of the Federal Rules of Civil Procedure for an order of this court dismissing

plaintiffs' action for failure to assert a claim upon which relief can be granted.

3.    I had read the affidavit of my husband, BLAINE GREENWALD, dated June 30, 2008, and confirm the truth of the entire contents of that affidavit. I therefore incorporate the contents of that affidavit within the  body of this affidavit as if fully set forth herein.

JAYNE GREENWALD

Sworn to before me this
30th day of June, 2008

Notary Public

RALPH F. SCHOENE
Notary Public, State of New York
No. 4713988
Qualified in Westchester County
Commission Expires  4/30/10

- 2 -