UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
GARY R. ROTENBERG and JANE J. DICKSON,      08 CIV 4703

                        Plaintiffs,           Judge Robinson

       - against –

THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually),
JAYNE GREENWALD, and
BLAINE GREENWALD,

                    Defendants.
------------------------------------------------------------------ X

## PACKET OF EXHIBITS IN CONNECTION WITH DEFENDANTS JAYNE GREENWALD AND BLAINE GREENWALD'S MOTION TO DISMISS

Yours, etc.

VOUTÉ, LOHRFINK, MAGRO & COLLINS, LLP
Attorneys for Defendants GREENWALD
170 Hamilton Avenue
White Plains, New York 10601-1789
Tel.: (914) 946-1400
Fax:  (914) 946-8024

## LIST OF EXHIBITS

A           Federal Complaint

B           State Complaint

C           Decision of Hon. Richard Liebowitz dated January 16, 2008

D           Photographs

E           Greenwald letter dated April 14, 2006

F           Benedict Salanitro report dated June 14, 2006

G           Anthony Oliveri report dated October 26, 2006

H           Grigg & Davis report dated November 26, 2006

I           Vincent Masucci report dated June 11, 2007

J           Ronald A. Carpento affidavit dated September 13, 2007

K           Summons and Information

L           Transcript of trial held in Town of Mamaroneck Court

EXHIBIT "A"

JUDGE ROBINSON

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

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern                District of                New York

GARY R. ROTENBERG and JANE J. DICKSON

**SUMMONS IN A CIVIL ACTION**

V.

THE TOWN OF MAMARONECK, RONALD A
CARPANETO (Indiviudally), JAYNE
GREENWALD, and BLAINE GREENWALD

CASE NUMBER:    '08 CIV 4703

AC

TO: (Name and address of Defendant)

SEE ATTACHED RIDER

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL J. ANDREWS, P.C.
The Lincoln Building
60 East 42nd Street, 47th Floor
New York, NY 10165

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

MAY 20 2008

CLERK                                                    DATE

(By) DEPUTY CLERK

JUN 1 2 2008

Houts, Lohrfink, Magro & Caiti...

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

    ☐  Served personally upon the defendant. Place where served:

    ☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

        Name of person with whom the summons and complaint were left:

    ☐  Returned unexecuted:

    ☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                 Date                        *Signature of Server*

                                   _____
                                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# RIDER TO SUMMONS

To:

TOWN OF MAMARONECK
740 West Boston Post Road
Mamaroneck, NY 10543

RONALD CARPANETO
c/o Town of Mamaroneck
740 West Boston Post Road
Mamaroneck, NY 10543

JAYNE GREENWALD
2 Lafayette Drive
Larchmont, NY 10538

BLAINE GREENWALD
2 Lafayette Drive
Larchmont, NY 10538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CIV 4703

JUDGE ROBINSON

------------------------------------------------------------------X

GARY R. ROTENBERG and JANE J. DICKSON

                         Plaintiff,

- against -

THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually);
JAYNE GREENWALD, and
BLAINE GREENWALD,

                         Defendants.

------------------------------------------------------------------X

**COMPLAINT**



Plaintiffs Demand Trial
By Jury

The plaintiffs, complaining of the defendants by their attorneys, MICHAEL J. ANDREWS, P.C., hereby allege upon information and belief as follows:

## PREAMBLE

1.      As alleged with more particularity below, the defendants are alleged to have maliciously prosecuted the plaintiffs and committed other tortious conduct against the plaintiffs.

2.      Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1332, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code.

3.      The amount in controversy exceeds $75,000.00.

4.      Venue is placed in the Southern District of New York because it is a district in which a substantial part of the events giving rise to the claims occurred.

## THE PARTIES

5.      The plaintiff GARY R. ROTENBERG ("ROTENBERG") is an adult citizen of the State of New Jersey.

6. The plaintiff JANE J. DICKSON ("DICKSON") is an adult citizen of the State of New Jersey.

7. At all relevant times, Gary R. Rotenberg and Jane J. Dickson have been lawfully married to one another.

8. The defendant TOWN OF MAMARONECK ("MAMARONECK") is a municipal corporation duly organized under the laws of the State of New York.

9. At all relevant times, defendant TOWN OF MAMARONECK was acting under color of law, to wit: the laws of the State of New York and the Town of Mamaroneck.

10. The defendant RONALD A. CARPANETO ("CARPANETO") is an adult citizen of the State of New York.

11. At all relevant times, defendant CARPANETO was and is an employee of the defendant MAMARONECK.

12. At all relevant times, defendant CARPANETO was employed by the defendant MAMARONECK as its Director of Buildings.

13. At all relevant times, defendant CARPANETO was acting within the scope of his employment and in the furtherance of his duties with defendant MAMARONECK. Defendant CARPANETO is sued in his individual capacity.

14. At all relevant times, defendant CARPANETO was acting under color of law, to wit: the laws of the State of New York and the Town of Mamaroneck.

15. The defendant JAYNE GREENWALD is an adult person who is a citizen of the State of New York.

16. The defendant BLAINE GREENWALD is an adult person who is a citizen of the State of New York.

2

## TIMELY COMMENCEMENT OF ACTION

17.     On July 6, 2007, the plaintiffs commenced an action against the defendants herein in the Supreme Court, State of New York, County of Westchester under index number 12167 / 2007 ("the State Court Action").

18.     The State Court Action was timely commenced.

19.     On or about January 17, 2008 the State Court Action was dismissed without prejudice.

20.     The dismissal of the State Court Action was not due to a voluntary discontinuance, by a failure to obtain personal jurisdiction over any defendant, a neglect to prosecute, or by a final judgment on the merits.

21.     This action is based upon the same transaction or occurrence or series of transactions or occurrences as set forth in the State Court Action.

22.     This action is commenced within 6 months of the January 17, 2008 dismissal of the State Court Action.

23.     Pursuant to New York's Civil Practice Law and Rules §205(a), this action is commenced timely.

## BACKGROUND FACTS

24.     Approximately 20 years ago, during approximately April or May 1988, the plaintiffs, as husband and wife, signed a contract to purchase a residential home located at 5 Huguenot Drive, Larchmont, New York.  During approximately August 1988, the plaintiffs moved into the residence at 5 Huguenot Drive ("5 Huguenot Drive").

25.     The plaintiffs used the home at 5 Huguenot Drive as their residence until approximately July 7, 2006.

3

26. On or about December 7, 2006, the plaintiffs entered into a contract to sell their residential property located at 5 Huguenot Drive. On or about December 18, 2006, the plaintiffs home was sold.

27. Also approximately 20 years ago, during approximately December 1988, the defendants Jayne and Blaine Greenwald purchased a residential home located at 2 Lafayette Road, Larchmont, New York ("2 Lafayette Road").

28. The aforesaid residential property located at 5 Huguenot Drive abuts the aforesaid residential property located at 2 Lafayette Road.

29. The two residential properties referred to herein as 5 Huguenot Drive and 2 Lafayette Road were constructed at or near the same time and as part of a subdivision.

30. A retaining wall ("the retaining wall"), approximately fifteen feet in height, is situated at the rear of the residential property located at 5 Huguenot Drive. The retaining wall faces into the residential property located at 2 Lafayette Road.

31. The retaining wall has a lower portion constructed of stone and an upper portion constructed of cinder blocks.

32. The retaining wall benefits both 5 Huguenot Drive and 2 Lafayette Road.

33. At the time the plaintiffs purchased their home at 5 Huguenot Drive, the retaining wall already contained materials known as, or referred to as, tie back plates and tie back rods.

34. At no time prior to April 14, 2006 had anyone, including but not limited to defendants Jayne Greenwald, Blaine Greenwald, the Town of Mamaroneck, and/or defendant Ronald Carpaneto made any complaints to either Gary R. Rotenberg or Jane J. Dickson concerning the structural integrity of the retaining wall.

4

35.    The defendant Town of Mamaroneck maintains a file concerning each parcel of property within the Town of Mamaroneck. More particularly, the defendant Town of Mamaroneck maintained a file concerning the plaintiffs' residential property located at 5 Huguenot Drive. The file maintained by the defendant Town of Mamaroneck is available for public inspection and contains records such as deeds, subdivision maps, violations, and correspondence.

36.    On or about March 22, 2006, the plaintiffs entered into a contract with Jackie Carroll of Coldwell Banker for Coldwell Banker to act as the plaintiffs' real estate broker and to sell the plaintiffs' home at 5 Huguenot Drive, Larchmont, New York.

37.    On or about March 22, 2006, the plaintiffs listed their home for sale and their home was formally and publically listed for sale. Based upon the advice and recommendations of their real estate broker, based upon the current real estate market, and based upon the then fair market value of their home, the plaintiffs listed their home for sale for the price of $1,995,000.00.

38.    By letter dated April 14, 2006, defendants Jayne Greenwald and Blaine Greenwald wrote to the plaintiffs to claim their purported concern with "the structural integrity of your retaining wall that separates our properties ..." and that "Should the wall collapse, damage would occur to both of our properties and houses not to mention the possibility of human injury." The defendants Greenwald further threatened to "hold [the plaintiffs] responsible for any such damage to our property, home, or person resulting from the breakdown or collapse of your retaining wall."

39.    The defendants Greenwald knew that they had no reason to believe that the retaining wall was in danger of collapse or was of an impaired structural integrity, or would cause damage to their properties, homes, or humans.

40.    The defendants Greenwald further falsely stated that the plaintiffs were intending to "put a cosmetic band-aid on a potentially greater problem." The defendants further falsely stated that

5

the plaintiffs did not want the retaining wall "professionally assessed." In fact, the defendants Greenwald knew that the plaintiffs had never used the word "cosmetic" and the defendants Greenwald knew that the plaintiffs had requested access to the Greenwald's property so that the plaintiffs' professional mason could evaluate and assess the retaining wall.

41.    Defendants Jane Greenwald and Blaine Greenwald purposefully excluded from their April 14, 2006 letter the fact that the retaining wall had remained in substantially the same physical condition for more than 17 years.

42.    The defendants Blaine Greenwald and Jayne Greenwald each knew or were aware that the omission from the April 14, 2006 letter of the fact that the retaining wall had remained in substantially the same physical condition for more than 17 years was one cause of that letter being materially misleading.

43.    By their letter dated April 14, 2006, the defendants Greenwald admitted their knowledge that the plaintiffs' home was then for sale and on the market.

44.    According to defendants Jayne Greenwald and Blaine Greenwald, between April 6, 2006 (the date the Greenwalds contend Gary Rotenberg spoke to them) and April 14, 2006 (the date of their letter), they spoke with defendant Ronald Carpaneto regarding the retaining wall.

45.    Defendant Blaine Greenwald has claimed that approximately one year prior to April 2006, he spoke with defendant Ronald Carpaneto about the residential property located at 3 Huguenot Drive - one of the plaintiffs' neighbors.

46.    Although defendant Blaine Greenwald has claimed that he spoke with defendant Ronald Carpaneto approximately one year prior to April 2006, defendant Blaine Greenwald did not claim that he raised any concern, of any kind, with Ronald Carpaneto during that alleged meeting about the retaining wall.

6

47.    On or about Thursday, May 12, 2005, a retaining wall collapsed on the Henry Hudson Highway in Manhattan.  The defendants Greenwald were aware of that event at or about the time of the collapse.

48.    Between May 12, 2005 and April 14, 2006, the defendants Greenwald raised no concern with the structural integrity of the retaining wall with either the plaintiffs or defendant Carpaneto or the defendant Town of Mamaroneck.

49.    The defendants Jayne Greenwald and Blaine Greenwald sent a copy of the aforesaid letter dated April 14, 2006 to defendant Ronald A. Carpaneto, the Town of Mamaroneck, Director of Building Code Enforcement.  By sending the copy of the aforesaid letter to the defendant Town of Mamaroneck and its chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to cause the letter to be publically filed with the Town of Mamaroneck's records concerning the plaintiffs' property located at 5 Huguenot Drive.

50.    By sending a copy of the April 14, 2006 letter to the defendant Town of Mamaroneck and its chief building inspector, defendant Ronald Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended  to impair the plaintiffs' ability to sell their home and/or to decrease the value (or selling price) of the plaintiffs' home.

51.    Defendant Jane Greenwald and Blaine Greenwald expected and anticipated that prospective purchases of the plaintiffs' home (or persons acting on behalf of prospective purchasers) would review the files maintained by the Town of Mamaroneck concerning the plaintiffs' property and that such persons would see a copy of the April 14, 2006 letter sent by the defendants Greenwald to the defendants Town of Mamaroneck and Ronald Carpaneto.

52.    By sending a copy of the April 14, 2006 letter to the defendant Town of Mamaroneck and its chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine

7

Greenwald intended to impose economic duress upon the plaintiffs (by impairing the plaintiffs' ability to sell their home) so that the defendants Greenwald could thereby coerce the plaintiffs into constructing a more esthetically pleasing retaining wall facing into the Greenwalds' property.

53.    On April 17, 2006, three days after the Greenwalds sent their April 14, 2006 letter to the plaintiffs and to the defendant Town of Mamaroneck, the plaintiffs, based upon the advice of their real estate broker, decreased the asking price of their home to $1,895,000.00; on or about May 9, 2006, the asking price was further decreased to $1,795,000.00.

54.    On or about April 24, 2006, Kevin Moore, a building inspector employed by the defendant Town of Mamaroneck in its Building Department, was present at the plaintiffs' residential home at 5 Huguenot Drive.  On that date, Mr. Moore observed the retaining wall and Mr. Moore stated to Gary R. Rotenberg that the retaining wall did not appear to have any structural defects or deficiency.

55.    After sending their April 14, 2006 letter to the defendants Town of Mamaroneck and Ronald Carpaneto the defendants Blaine and Jayne Greenwald claim that they felt that "nothing really had happened" so they placed telephone calls to the defendants Town of Mamaroneck and Ronald Carpaneto.

56.    After telephoning the defendants Town of Mamaroneck and Ronald Carpaneto, the defendants Blaine and Jayne Greenwald claim they continued to feel that "nothing really happened" so they retained an engineer to perform an analysis and to create evidence to provide to the defendant Town of Mamaroneck and to defendant Ronald Carpaneto.

57.    Defendant Blaine Greenwald has claimed that the defendant Town of Mamaroneck advised his wife and him to retain a licensed professional engineer and that the Town of Mamaroneck

specifically referred them to Benedict Salanitro, P.E. The defendants Greenwald understood and believed that Benedict Salanitro was the building inspector for the Town of Scarsdale.

58. The defendants Greenwald expected and anticipated that by retaining Benedict Salanitro, the person allegedly referred to them by the Town of Mamaroneck, they would derive a benefit and that the plaintiffs would suffer a detriment as a result.

59. By letter dated June 14, 2006, the defendants Greenwald caused a further letter / report to be sent to defendant Ronald Carpaneto, the Town of Mamaroneck Director of Buildings. By sending the June 14, 2006 letter / report to the defendant Town of Mamaroneck and its chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to cause the letter / report to be publically filed with the Town of Mamaroneck's records concerning the plaintiffs' property located at 5 Huguenot Drive.

60. Defendants Jane Greenwald and Blaine Greenwald once again purposefully caused the fact that the retaining wall had remained in substantially the same physical condition for more than 17 years to be excluded from the June 14, 2006 letter / report.

61. The June 14, 2006 letter falsely stated that the plaintiffs were intending to make "cosmetic repairs to the wall...."

62. The defendants Blaine Greenwald and Jayne Greenwald each knew or were aware that the omission from the June 14, 2006 letter of the fact that the retaining wall had remained in substantially the same physical condition for more than 17 years was one cause of that letter being materially misleading.

63. By sending the June 14, 2006 letter / report to the defendant Town of Mamaroneck's chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald

intended to impair the plaintiffs' ability to sell their home and/or to decrease the value (or selling price) of the plaintiffs' home.

64.     Defendant Jane Greenwald and Blaine Greenwald expected and anticipated that prospective purchases of the plaintiffs' home (or persons acting on behalf of prospective purchasers) would review the files maintained by the Town of Mamaroneck concerning the plaintiffs' property and that such persons would see a copy of the June 14, 2006 letter / report sent on behalf of the defendants Greenwald to the defendants Town of Mamaroneck and Ronald Carpaneto.

65.     By sending the June 14, 2006 letter / report to the defendant Town of Mamaroneck's chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to impose further economic duress upon the plaintiffs so that the defendants Greenwald could coerce the plaintiffs into constructing a more esthetically pleasing wall facing into the Greenwald's property.

66.     On or about June 14, 2006, the plaintiffs, based upon the advice of their real estate broker, decreased the asking price of their home from $1,795,000.00 to $1,695,000.00.

67.     On or about June 23, 2006, the defendant Town of Mamaroneck issued a "Notice of Violation and Order to Remedy the Same" to the plaintiffs. The "Notice of Violation" was signed by defendant Ronald A. Carpaneto.

68.     The June 23, 2006 Notice of Violation referenced section 302.7 of the New York State Property Maintenance Code, however, the Notice of Violation failed to state or identify, in any manner, the underlying alleged factual basis allegedly supporting the Notice of Violation. The June 23, 2006 Notice of Violation did not identify any particular "accessory structure(s)" allegedly violating the code.

69.     Moreover, the June 23, 2006 Notice of Violation also failed to state, in any manner, the nature of the "remedy" sought by the defendant Town of Mamaroneck. Similarly, the June 23, 2006 Notice of Violation failed to inform the plaintiffs the actions, if any, they should (or could) take to remedy the alleged, but unspecified, violation.

70.     The June 23, 2006 Notice of Violation threatened the plaintiffs with possible fines and imprisonment if they did not "remedy" the unspecified condition by Monday, July 3, 2006 - i.e. within five business days from the issuance of the Notice of Violation

71.     Prior to issuing the June 23, 2006 Notice of Violation, defendant Ronald Carpaneto had not conducted any inspection of the plaintiffs' premises; he had no basis in fact to issue the Notice of Violation; he lacked a good faith basis to issue the Notice of Violation, and he lacked probable cause to issue the Notice of Violation.

72.     The June 23, 2006 Notice of Violation was not issued based upon any reasoned judgment or discretion of either defendant Ronald Carpaneto or defendant Town of Mamaroneck.

73.     Defendant Ronald Carpaneto is not an architect.

74.     Defendant Ronald Carpaneto is not an engineer.

75.     Defendant Ronald Carpaneto is not a structural engineer.

76.     Defendant Carpaneto lacked the requisite skill, training, and expertise to render an opinion as to the structural integrity of the retaining wall.

77.     The June 23, 2006 Notice of Violation was issued as a ministerial act by the defendants Ronald Carpaneto and the Town of Mamaroneck.

78.     On June 23, 2006, defendants Town of Mamaroneck and Ronald Carpaneto each were aware that the plaintiffs' home was for sale.

11

79.     On or about June 23, 2006, the defendants Blaine Greenwald and Jayne Greenwald became aware of the existence of the notice of violation issued on June 23, 2006.

80.     On June 23, 2006, defendants Town of Mamaroneck, Ronald Carpaneto, Blaine Greenwald, and Jayne Greenwald each knew that the issuance of a Notice of Violation against the plaintiffs' property would have a significant detrimental impact on the plaintiffs' ability to sell their home and on the value of the plaintiffs' home.

81.     The defendants Blaine Greenwald, Jayne Greenwald, Ronald Carpaneto, and the Town of Mamaroneck were each aware that a typical provision in contracts to buy and sell residential property within the Town of Mamaroneck requires the seller of the residential property to convey the property free of any governmental notices of violations.

82.     The defendants Blaine Greenwald, Jayne Greenwald, Ronald Carpaneto, and the Town of Mamaroneck were each aware that a seller of residential property would be obligated to disclosure to potential purchasers of the residential property of the existence of any outstanding notices of violation.

83.     The defendants Blaine Greenwald, Jayne Greenwald, Ronald Carpaneto, and the Town of Mamaroneck were each aware that the plaintiffs, as a seller of residential property, would be obligated to disclosure to potential purchasers of the plaintiffs' home at 5 Huguenot Drive of the existence of any outstanding notices of violation.

84.     The defendants Blaine Greenwald, Jayne Greenwald, Ronald Carpaneto, and the Town of Mamaroneck sought to, intended to, and did use the threat of penal code sanctions including imprisonment and fines to obtain or to seek to obtain leverage in, at most, a possible civil dispute.

85.     After receiving the Notice of Violation and Order to Remedy the Same dated Friday, June 23, 2006, the plaintiffs promptly contacted an attorney, Dolores Battalia, Esq., to assist them

12

with this matter and to discuss this matter, on their behalf, with the Town of Mamaroneck and its officials.

86. One reason the plaintiffs promptly contacted an attorney was because the Notice of Violation did not inform the plaintiffs as to (i) what "accessory structure" was alleged to violate the code, (ii) the manner in which the unspecified "accessory structure" was alleged to violate the code, nor (iii) were they advised as to the "remedy" being sought by the Town.

87. Additionally, the plaintiffs, as attorneys admitted to the practice of law in the State of New York, were highly concerned with the threat that they could be fined and imprisoned if they did not "remedy" the unspecified condition by Monday, July 3, 2006 - i.e. within five business days from the issuance of the Notice of Violation and just at the beginning of the Fourth of July holiday.

88. The plaintiffs were also concerned about the potential implications that the Notice may have had on their ability to sell their home. Upon information and belief, Attorney Battalia discussed this matter, on the plaintiffs' behalf, with the Town and its various officials during a period of approximately the end of June 2006 through perhaps mid-September 2006.

89. During mid-September 2006, because Attorney Battalia had not been able to resolve the issue with the Town, the plaintiffs retained the legal services of Mary Beth Mullins, Esq.

90. On or about September 14, 2006, the plaintiffs, based upon the advice of their real estate broker, decreased the asking price of their home from $1,695,000.00 to $1,550,000.00.

91. By letter dated September 18, 2006 and addressed to defendant Ronald Carpaneto, Ms. Mullins, in her capacity as counsel for the plaintiffs, set forth her legal analysis of the issue and she asked Mr. Carpaneto to contact her if he had any questions regarding the matter.

13

92.     On or about September 29, 2006, the defendant Town of Mamaroneck issued a "Notice of Violation and Order to Remedy the Same" to the plaintiffs. The September 29, 2006 "Notice of Violation" was also signed by defendant Ronald A. Carpaneto.

93.     The September 29, 2006 Notice of Violation again referenced section 302.7 of the New York State Property Maintenance Code, however, the Notice of Violation again failed to state or identify, in any manner, the underlying alleged factual basis allegedly supporting the Notice of Violation. The September 29, 2006 Notice of Violation again did not identify any particular "accessory structure(s)" allegedly violating the code.

94.     Like the June 23, 2006 Notice of Violation, the September 29, 2006 Notice of Violation also failed to state, in any manner, the nature of the "remedy" sought by the defendant Town of Mamaroneck. Similarly, the September 29, 2006 Notice of Violation again failed to inform the plaintiffs the actions, if any, they should (or could) take to correct the alleged violation.

95.     Prior to issuing the September 29, 2006 Notice of Violation, defendant Ronald Carpaneto had not conducted any inspection of the plaintiffs' premises; he had no basis in fact to issue the Notice of Violation; he lacked a good faith basis to issue the Notice of Violation, and, he lacked probable cause to issue the Notice of Violation.

96.     The September 29, 2006 Notice of Violation once again threatened the plaintiffs with being fined and imprisoned if they did not "immediately" "remedy" the unspecified condition.

97.     The September 29, 2006 Notice of Violation was not issued based upon any reasoned judgment or discretion of either defendant Ronald Carpaneto or defendant Town of Mamaroneck.

98.     The September 29, 2006 Notice of Violation was issued as a ministerial act by the defendants Ronald Carpaneto and the Town of Mamaroneck.

99.     On October 17, 2006, a criminal prosecution of the plaintiffs was commenced.

14

100.    On October 17, 2006, the defendant Town of Mamaroneck issued a Summons (summons number 666-06) with a criminal information to the plaintiffs Gary R. Rotenberg and Jane J. Dickson. The summons and criminal information alleged that the plaintiffs, on July 3, 2006, had violated the Property Maintenance Code §302.7 of New York State.

101.    According to the criminal information, the facts upon which the criminal information was based were (i) a July 3, 2006 violation issued, (ii) a September 29, 2006 final notice of violation issued, and (iii) October 17, 2006 summons issued.

102.    The Summons was signed by defendant Ronald Carpaneto and directed the plaintiffs to appear in the Town Court of Mamaroneck on October 30, 2006 at 7:00 p.m. (The matter was then adjourned to Monday, November 6, 2006, and then to November 20, 2006.)

103.    Prior to issuing the October 17, 2006 Summons and criminal information, defendant Ronald Carpaneto had not conducted any inspection of the plaintiffs' premises; he had no basis in fact to issue the Summons or criminal information, he lacked a good faith basis to issue the Summons and criminal information, and, he lacked probable cause to issue the Summons and criminal information.

104.    According to defendant Ronald Carpaneto, the two violations (i.e. the June 23, 2006 Notice of Violation and the September 29, 2006 Notice of Violation) and the summons were based upon the telephone calls of the defendants Greenwald and an engineering report sent to the defendants Town of Mamaroneck and Ronald Carpaneto on behalf of the defendants Greenwald.

105.    On or about October 25, 2006, after the criminal prosecution had already been commenced, an engineer, Anthony Oliveri, retained by the defendant Town of Mamaroneck examined the retaining wall.

15

106.  Mr. Oliveri subsequently opined that the lower stone wall appeared straight, he did not see any immediate concerns with the stone part of the wall, and the stone portion of the wall appeared to be in acceptable condition.

107.  Mr. Oliveri further opined that a structural engineer, somebody specializing in retaining walls, would be better suited to give a more thorough evaluation and examination.

108.  On November 20, 2006, the plaintiffs appeared and a trial was held with respect to the Summons issued to the plaintiffs.

109.  Jane Evans, a prospective purchaser of the plaintiffs' property sat in the courtroom throughout the trial.

110.  On November 20, 2006, the plaintiffs were acquitted and found not guilty of the criminal charge brought against them.

111.  On November 22, 2006, the defendants Town of Mamaroneck and Ronald Carpaneto issued a "Notice of Violation Removal" to the plaintiffs which indicated that the violation dated September 29, 2006 which "had been issued for Accessory structures (wall) has been removed."

112.  Between the date on which the plaintiffs moved into their home at 5 Huguenot Drive and until they sold their home at 5 Huguenot Drive, the retaining wall remained in substantially the same physical condition.

113.  Between June 23, 2006 (the date of the first Notice of Violation) and November 22, 2006 (the date of the Notice of Violation Removal) the retaining wall remained in substantially the same physical condition.

114.  On or about December 18, 2006, the plaintiffs sold their home to Douglas Mason and Jane Evans for the price of $1,400,000.00.

16

115. As part of the sale, and because of the baseless allegations made by the defendants Jayne Greenwald, Blaine Greenwald, Town of Mamaroneck, and Ronald Carpaneto, the plaintiffs were forced to provide an additional $50,000.00 reduction in the price of their home. Said $50,000.00 represented consideration for Douglas Mason and Jane Evans accepting the retaining wall in an "as is" condition at closing.

## NOTICE OF CLAIM PROVISIONS

116. On February 12, 2007 a Notice of Claim was duly served and filed with the Clerk of the Town of Mamaroneck; this action was timely commenced, and that at least thirty days have elapsed since the service of the Notice of Claim and an adjustment or payment thereof has been neglected or refused.

## AS AND FOR A CAUSE OF ACTION FOR MALICIOUS PROSECUTION AGAINST DEFENDANTS JAYNE GREENWALD and BLAINE GREENWALD

117. As more fully described above in the "Background Facts" section of this complaint, the defendants Blaine Greenwald and Jayne Greenwald initiated the criminal prosecution of the plaintiffs.

118. Defendants Jayne Greenwald and Blaine Greenwald provided false information to the law enforcement authorities and/or they withheld material information and evidence from law enforcement authorities in order to affect the decision as to whether to prosecute the plaintiffs and/or to cause the prosecution of the plaintiffs. Such facts include, but are not limited to withholding from the law enforcement officials the fact that the retaining wall had remained in substantially the same physical condition for more than 17 years.

119. As more fully described above in the "Background Facts" section of this complaint, defendants Blaine Greenwald and Jayne Greenwald gave advice, had evidence created, and encouraged and importuned defendants Town of Mamaroneck and Carpaneto to act, including but not limited to paying to have an expert create evidence to be used against the plaintiffs (and by withholding from

their expert or by instructing their expert to withhold from his report) the fact that the retaining wall had remained in substantially the same physical condition for more than 17 years.

120. As more fully described above in the "Background Facts" section of this complaint, defendants Blaine Greenwald and Jayne Greenwald acted without probable cause in causing the commencement of the prosecution of the plaintiffs.

121. As described above in the "Background Facts" section of this complaint, defendants Blaine Greenwald and Jayne Greenwald acted with malice in causing the prosecution of the plaintiffs.

122. In addition, the defendant Blaine Greenwald and Jayne Greenwald, in concert and in conjunction, with defendants Town of Mamaroneck and Ronald Carpaneto maliciously used the threat of criminal proceedings and an actual criminal prosecution to seek to resolve, at most, a civil dispute.

123. As described above in the "Background Facts" section of this complaint, on November 20, 2006, the prosecution of the plaintiffs ended favorably to the plaintiffs when they were acquitted of the charge brought against them.

124. The plaintiffs seek special damages against the defendants Blaine Greenwald and Jayne Greenwald in (i) the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home, (ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs, (iii) in excess of $2,268.00 in expert fees incurred as a result of the baseless allegations against the plaintiffs, (iv) the diminution in the fair market value of the plaintiffs' home, and (v) the cost of additional mortgage and escrow payments. The plaintiffs also seek general compensatory damages and punitive damages against the defendants Jayne Greenwald and Blaine Greenwald.

18

## AS AND FOR A CAUSE OF ACTION FOR INJURIOUS FALSEHOOD AGAINST DEFENDANTS JAYNE GREENWALD and BLAINE GREENWALD.

125. As described above in the "Background Facts" section of this complaint, the defendants Blaine Greenwald and Jayne Greenwald each made, or caused to be made, communications falsely casting doubt as to the quality of the plaintiffs' property.

126. As described above in the "Background Facts" section of this complaint, the communications of defendants Blaine Greenwald and Jayne Greenwald were intended to cast doubt as to the quality of the plaintiffs' property.

127. As more described above in the "Background Facts" section of this complaint, the communications of defendants Blaine Greenwald and Jayne Greenwald were reasonably calculated to cause harm.

128. In both of their communications, the defendants Jane Greenwald and Blaine Greenwald purposefully excluded the fact that they had never complained about the structural integrity of the retaining wall at any time during the prior 17 years and they also purposefully excluded the fact that the retaining wall had remained in substantially the same physical condition for more than 17 years.

129. The defendants Greenwald had no true or genuine interest in seeking governmental action regarding the alleged structural integrity of the retaining wall.

130. The April 14, 2006 and the June 14, 2006 communications of defendants Blaine Greenwald and Jayne Greenwald caused the plaintiffs' special damages.

131. The plaintiffs seek special damages against the defendants Blaine Greenwald and Jayne Greenwald in (i) the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home, (ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs, (iii) in excess of $2,268.00 in expert fees incurred as a result of the baseless allegations against the plaintiffs, (iv) the diminution in the fair market value of the plaintiffs'

home, and (v) the cost of additional mortgage and escrow payments. The plaintiffs also seek general compensatory damages and punitive damages against the defendants Jayne Greenwald and Blaine Greenwald.

## AS AND FOR A CAUSE OF ACTION FOR PRIMA FACIE TORT AGAINST THE DEFENDANTS JANE GREENWALD and BLAINE GREENWALD.

132. As described above in the "Background Facts" section of this complaint, defendants Blaine Greenwald and Jayne Greenwald intended to inflict harm upon the plaintiffs. Defendants Jane Greenwald and Blaine Greenwald acted solely with malice and disinterested malevolence.

133. The actions of the defendants Jane Greenwald and Blaine Greenwald were undertaken through an act or a series of acts which might otherwise be lawful.

134. The actions of defendants Blaine Greenwald and Jayne Greenwald were without any legal justification or excuse.

135. As a result of the actions of defendants Blaine Greenwald and Jayne Greenwald the plaintiffs suffered special damages

136. The plaintiffs seek special damages against the defendants Blaine Greenwald and Jayne Greenwald in (i) the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home, (ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs, (iii) in excess of $2,268.00 in expert fees incurred as a result of the baseless allegations against the plaintiffs, (iv) the diminution in the fair market value of the plaintiffs' home, and (v) the cost of additional mortgage and escrow payments. The plaintiffs also seek general compensatory damages and punitive damages against the defendants Jayne Greenwald and Blaine Greenwald.

20

## AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANTS JANE GREENWALD AND BLAINE GREENWALD FOR INTERFERENCE WITH PROSPECTIVE ADVANTAGE

137.    The defendants Blaine Greenwald and Jayne Greenwald were aware of the plaintiffs' contract with Coldwell Banker to sell the plaintiffs' home at 5 Huguenot Road.

138.    The defendants Blaine Greenwald and Jayne Greenwald each intentionally interfered with that contract.

139.    The actions of defendants Blaine Greenwald and Jayne Greenwald described herein interfered with the plaintiffs' contract with Coldwell Banker to sell the plaintiffs' home.

140.    The actions of defendants Blaine Greenwald and Jayne Greenwald were wrongful.

141.    The defendants Blaine Greenwald and Jayne Greenwald intended to cause harm to the plaintiffs.

142.    The plaintiffs suffered damages as the result of the wrongful conduct of defendants Blaine Greenwald and Jayne Greenwald.

143.    The plaintiffs seek special damages against the defendants Blaine Greenwald and Jayne Greenwald in (i) the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home, (ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs, (iii) in excess of $2,268.00 in expert fees incurred as a result of the baseless allegations against the plaintiffs, (iv) the diminution in the fair market value of the plaintiffs' home, and (v) the cost of additional mortgage and escrow payments. The plaintiffs also seek general compensatory damages and punitive damages against the defendants Jayne Greenwald and Blaine Greenwald.

21

## AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANTS JANE GREENWALD AND BLAINE GREENWALD FOR NEGLIGENCE.

144.    The negligence of defendants Blaine Greenwald and Jayne Greenwald caused economic harm to the plaintiffs.

145.    The plaintiffs seek special damages against the defendants Blaine Greenwald and Jayne Greenwald in (i) the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home, (ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs, (iii) in excess of $2,268.00 in expert fees incurred as a result of the baseless allegations against the plaintiffs, (iv) the diminution in the fair market value of the plaintiffs' home, and (v) the cost of additional mortgage and escrow payments.  The plaintiffs also seek general compensatory damages and punitive damages against the defendants Jayne Greenwald and Blaine Greenwald.

## AS AND FOR A CAUSE OF ACTION FOR MALICIOUS PROSECUTION AGAINST DEFENDANTS TOWN OF MAMARONECK and RONALD A. CARPANETO.

146.    As more fully described above in the "Background Facts" section of this complaint, the defendants Town of Mamaroneck and Ronald Carpaneto, on October 17, 2006, defendants Town of Mamaroneck and Ronald Carpaneto commenced a criminal proceeding against the plaintiffs.

147.    There was no probable cause to commence the criminal prosecution of the plaintiffs.

148.    The defendants Town of Mamaroneck and Ronald Carpaneto acted maliciously in commencing the prosecution of the plaintiffs.

149.    The defendants Town of Mamaroneck and Ronald Carpaneto maliciously, wilfully, and unconstitutionally used the threat of criminal proceedings and an actual criminal prosecution to seek to resolve, at most, a civil dispute.

22

150.    At the time the criminal prosecution was commenced, other than the inspection conducted by Kevin Moore on or about April 24, 2006 (which determined that the retaining wall did not appear to have any structural defects or deficiency), neither the Town of Mamaroneck nor Ronald Carpaneto had even inspected the plaintiffs' property.

151.    The prosecution of the plaintiffs ended in favor of the plaintiffs when they were acquitted of the charge on November 20, 2006.

152.    The actions of defendants Town of Mamaroneck and Carpaneto deprived the plaintiffs of property without due process.

153.    The acts of defendant Ronald Carpaneto violated the rights granted to the plaintiffs pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, the plaintiffs seek relief against defendant Ronald Carpaneto pursuant to 42 U.S.C. §1983.

154.    The plaintiffs seek special damages against the defendants Town of Mamaroneck and Ronald Carpaneto in (i) the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home, (ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs, (iii) in excess of $2,268.00 in expert fees incurred as a result of the baseless allegations against the plaintiffs, (iv) the diminution in the fair market value of the plaintiffs' home, and (v) the cost of additional mortgage and escrow payments. The plaintiffs also seek general compensatory damages against the defendants Town of Mamaroneck and Ronald Carpaneto and also punitive damages against defendant Ronald Carpaneto.

**AS AND FOR A CAUSE OF ACTION FOR INJURIOUS FALSEHOOD AGAINST DEFENDANTS TOWN OF MAMARONECK and RONALD A. CARPANETO.**

155.    The defendants Town of Mamaroneck and Ronald Carpaneto made, or caused to be made, communications falsely casting doubt as to the quality of the plaintiffs' property.

23

156.    Those communications include the June 23, 2006 Notice of Violation, the September 29, 2006 Notice of Violation, and the October 17, 2006 summons and criminal complaint.

157.    The communications of defendants Town of Mamaroneck and Ronald Carpaneto were intended to cast doubt as to the quality of the plaintiffs' property.

158.    The communications of defendants Town of Mamaroneck and Ronald Carpaneto were reasonably calculated to cause harm.

159.    The communications of the defendants Town of Mamaroneck and Ronald Carpaneto were not based upon reasoned judgment.

160.    The communications of defendants Town of Mamaroneck and Ronald Carpaneto caused the plaintiffs' special damages.

161.    The plaintiffs seek special damages against the defendants Town of Mamaroneck and Ronald Carpaneto in (i) the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home, (ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs, (iii) in excess of $2,268.00 in expert fees  incurred as a result of the baseless allegations against the plaintiffs, (iv) the diminution in the fair market value of the plaintiffs' home, and (v) the cost of additional mortgage and escrow payments.  The plaintiffs also seek general compensatory damages against the defendants Town of Mamaroneck and Ronald Carpaneto and also punitive damages against defendant Ronald Carpaneto.

## AS AND FOR A CAUSE OF ACTION FOR PRIMA FACIE TORT AGAINST DEFENDANTS TOWN OF MAMARONECK and RONALD A. CARPANETO.

162.    The defendants Town of Mamaroneck and Ronald Carpaneto intended to cause harm to the plaintiffs.

170. The defendants Blaine Greenwald, Jayne Greenwald, Town of Mamaroneck, and Ronald Carpaneto acted knowingly and intentionally, and in concert, to cause the acts and failures upon which liability is based.

**WHEREFORE**, the Plaintiffs demand judgment against the defendants

(i) in the amount of $50,000.00 as the result of the specific reduction in the contract price of the plaintiffs' home,

(ii) in excess of $8,727.00 in legal fees incurred as a result of the baseless allegations against the plaintiffs,

(iii) in excess of $2,268.00 in expert fees incurred as a result of the baseless allegations against the plaintiffs,

(iv) the amount of the diminution in the fair market value of the plaintiffs' home,

(v) the cost of additional mortgage and escrow payments;

(vi) general compensatory damages;

(vii) punitive damages against defendants Jayne Greenwald, Blaine Greenwald, and Ronald Carpaneto;

(viii) attorneys' fees,

(ix) the interest, costs and disbursements of this action; and

(x) such other relief as is fair, just, or equitable

Dated: New York, NY
     May 14, 2008

By: *Michael J. Andrews*

Michael J. Andrews (MA 1441)
MICHAEL J. ANDREWS, P.C.
Attorneys for Plaintiffs
Post Office Address
60 East 42nd Street, 47th Floor
New York, N.Y. 10165
(212) 557-7767

EXHIBIT "B"

MICHAEL J. ANDREWS, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------x

GARY R. ROTENBERG and JANE J. DICKSON

**AC**

Plaintiffs,

-against-

THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually);
JAYNE GREENWALD, and
BLAINE GREENWALD,

Over >

Defendants.

-----------------------------------------------------x

Date Purchased: 7/6/07

Index No. 12167 /200

Plaintiffs designates
WESTCHESTER County
as the place of trial.
The basis of venue is
CPLR §504(2)

**SUMMONS**

**RECEIVED**

JUL - 6 2007

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

To the above-named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, N.Y.
        July 3, 2007

Defendant's addresses:

TOWN OF MAMARONECK
740 West Boston Post Road
Mamaroneck, NY 10543

RONALD CARPANETO
c/o Town of Mamaroneck
740 West Boston Post Road
Mamaroneck, NY 10543

JAYNE GREENWALD
2 Lafayette Drive
Larchmont, NY 10538

BLAINE GREENWALD
2 Lafayette Drive
Larchmont, NY 10538

By:    _Michael J. Andrews_ (signature)
       MICHAEL J. ANDREWS

       MICHAEL J. ANDREWS, P.C.
       Attorneys for Plaintiff(s)
       Post Office Address
       60 East 42nd Street
       47th Floor
       New York, N.Y. 10165
       (212) 557-7767

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X

GARY R. ROTENBERG and JANE J. DICKSON

                              Plaintiff,              **COMPLAINT**

- against -

THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually);
JAYNE GREENWALD, and
BLAINE GREENWALD,

RECEIVED

JUL – 6 2007

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

          Defendants.

Index number: 12167/2007

Plaintiffs Demand Trial
By Jury

-----------------------------------------------------------------X

       The plaintiffs, complaining of the defendants by their attorneys, MICHAEL J. ANDREWS, P.C., hereby allege upon information and belief as follows:

## THE PARTIES

1.      The plaintiff GARY R. ROTENBERG ("ROTENBERG") is an adult.

2.      The plaintiff JANE J. DICKSON ("DICKSON") is an adult.

3.      At all relevant times, Gary R. Rotenberg and Jane J. Dickson have been lawfully married to one another.

4.      The defendant TOWN OF MAMARONECK ("MAMARONECK") is a municipal corporation duly organized under the laws of the State of New York.

5.      At all relevant times, defendant TOWN OF MAMARONECK was acting under color of law, to wit: the laws of the State of New York and the Town of Mamaroneck.

6.      The defendant RONALD A. CARPANETO ("CARPANETO") is an adult.

7.      At all relevant times, defendant CARPANETO was and is an employee of the defendant MAMARONECK.

8. At all relevant times, defendant CARPANETO was employed by the defendant MAMARONECK as its Director of Buildings.

9. At all relevant times, defendant CARPANETO was acting within the scope of his employment and in the furtherance of his duties with defendant MAMARONECK. Defendant CARPANETO is sued only in his individual capacity.

10. Upon information and belief, defendant CARPANETO had final decision making authority, on behalf of the defendant Town of Mamaroneck, for the events described in this complaint.

11. At all relevant times, defendant CARPANETO was acting under color of law, to wit: the laws of the State of New York and the Town of Mamaroneck.

12. The defendant JAYNE GREENWALD is an adult person.

13. The defendant BLAINE GREENWALD is an adult person.

## BACKGROUND FACTS

14. During approximately April or May 1988, the plaintiffs, as husband and wife, signed a contract to purchase a residential home located at 5 Huguenot Drive, Larchmont, New York. During approximately August 1988, the plaintiffs moved into the residence at 5 Huguenot Drive ("5 Huguenot Drive").

15. The plaintiffs used the home at 5 Huguenot Drive as their residence until approximately July 7, 2006.

16. On or about December 7, 2006, the plaintiffs entered into a contract to sell their residential property located at 5 Huguenot Drive. On or about December 18, 2006, the plaintiffs home was sold.

17. During approximately December 1988, the defendants Jayne and Blaine Greenwald purchased a residential home located at 2 Lafayette Road, Larchmont, New York ("2 Lafayette Road").

18.    The aforesaid residential property located at 5 Huguenot Drive abuts the aforesaid residential property located at 2 Lafayette Road.

19.    The two residential properties referred to herein as 5 Huguenot Drive and 2 Lafayette Road were constructed at or near the same time and as part of a subdivision.

20.    A retaining wall ("the retaining wall"), approximately fifteen feet in height, is situated at the rear of the residential property located at 5 Huguenot Drive.  The retaining wall faces into the residential property located at 2 Lafayette Road.

21.    The retaining wall has a lower portion constructed of stone and an upper portion constructed of cinder blocks.

22.    The retaining wall benefits both 5 Huguenot Drive and 2 Lafayette Road.

23.    At the time the plaintiffs purchased their home at 5 Huguenot Drive, the retaining wall already contained materials known as, or referred to as, tie back plates and tie back rods.

24.    At no time prior to April 14, 2006 had anyone, including but not limited to defendants Jayne Greenwald, Blaine Greenwald, the Town of Mamaroneck, and/or defendant Ronald Carpaneto made any complaints to either Gary R. Rotenberg or Jane J. Dickson concerning the structural integrity of the retaining wall.

25.    The defendant Town of Mamaroneck maintains a file concerning each parcel of property within the Town of Mamaroneck.  More particularly, the defendant Town of Mamaroneck maintained a file concerning the plaintiffs' residential property located at 5 Huguenot Drive.  The file maintained by the defendant Town of Mamaroneck is available for public inspection and contains records such as deeds, subdivision maps, violations, and correspondence.

26.    On or about March 22, 2006, the plaintiffs entered into a contract with Jackie Carroll of Coldwell Banker for Coldwell Banker to act as the plaintiffs' real estate broker and to sell the plaintiffs' home at 5 Huguenot Drive, Larchmont, New York.

27.    On or about March 22, 2006, the plaintiffs listed their home for sale and their home was formally and publically listed for sale. Based upon the advice and recommendations of their real estate broker, based upon the current real estate market, and based upon the then fair market value of their home, the plaintiffs listed their home for sale for the price of $1,995,000.00.

28.    By letter dated April 14, 2006, defendants Jayne Greenwald and Blaine Greenwald wrote to the plaintiffs to claim their purported concern with "the structural integrity of your retaining wall that separates our properties ..." The defendants Greenwald further threatened to "hold [the plaintiffs] responsible for any such damage to our property, home, or person resulting from the breakdown or collapse of your retaining wall." The defendants Greenwald had no reason to believe that the retaining wall was in danger of collapse or was of an impaired structural integrity.

29.    By their letter dated April 14, 2006, the defendants Greenwald admitted their knowledge that the plaintiffs' home was then for sale and on the market.

30.    The defendants Jayne Greenwald and Blaine Greenwald sent a copy of the aforesaid letter dated April 14, 2006 to defendant Ronald A. Carpaneto, the Town of Mamaroneck, Director of Building Code Enforcement. By sending the copy of the aforesaid letter to the defendant Town of Mamaroneck and its chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to cause the letter to be publically filed with the Town of Mamaroneck's records concerning the plaintiffs' property located at 5 Huguenot Drive.

31.    By sending a copy of the April 14, 2006 letter to the defendant Town of Mamaroneck and its chief building inspector, defendant Ronald Carpaneto, defendants Jayne Greenwald and Blaine

4

Greenwald intended to impair the plaintiffs' ability to sell their home and/or to decrease the value (or selling price) of the plaintiffs' home.

32.    By sending a copy of the April 14, 2006 letter to the defendant Town of Mamaroneck and its chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to impose economic duress upon the plaintiffs (by impairing the plaintiffs' ability to sell their home) so that the defendants Greenwald could thereby coerce the plaintiffs into constructing a more esthetically pleasing retaining wall facing into the Greenwald's property.

33.    Defendant Jane Greenwald and Blaine Greenwald expected and anticipated that prospective purchases of the plaintiffs' home (or persons acting on behalf of prospective purchasers) would review the files maintained by the Town of Mamaroneck concerning the plaintiffs' property and that such persons would see a copy of the April 14, 2006 letter sent by the defendants Greenwald to the defendants Town of Mamaroneck and Ronald Carpaneto.

34.    On April 17, 2006, three days after the Greenwald's sent their April 14, 2006 letter to the plaintiffs and to the defendant Town of Mamaroneck, the plaintiffs, based upon the advice of their real estate broker, decreased the asking price of their home to $1,895,000.00; on or about May 9, 2006, the asking price was further decreased to $1,795,000.00.

35.    On or about April 24, 2006, Kevin Moore of the defendant Town of Mamaroneck Building Department, was present at the plaintiffs' residential home at 5 Huguenot Drive. On that date, Mr. Moore observed the retaining wall and Mr. Moore stated to Gary R. Rotenberg that the retaining wall did not appear to have any structural defects or deficiency.

36.    After sending their April 14, 2006 letter to the defendants Town of Mamaroneck and Ronald Carpaneto the defendants Blaine and Jayne Greenwald felt that "nothing really had happened" so they placed telephone calls to the defendants Town of Mamaroneck and Ronald Carpaneto.

5

37.    After telephoning the defendants Town of Mamaroneck and Ronald Carpaneto, the defendants Blaine and Jayne Greenwald continued to feel that "nothing really happened" so they retained an engineer to perform an analysis so they could provide to the defendant Town of Mamaroneck and defendant Ronald Carpaneto with a written report.

38.    By letter dated June 14, 2006, the defendants Greenwald caused a further letter / report to be sent to defendant Ronald Carpaneto, the Town of Mamaroneck Director of Buildings.  By sending the June 14, 2006 letter / report to the defendant Town of Mamaroneck and its chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to cause the letter / report to be publically filed with the Town of Mamaroneck's records concerning the plaintiffs' property located at 5 Huguenot Drive.

39.    By sending the June 14, 2006 letter / report to the defendant Town of Mamaroneck's chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to impair the plaintiffs' ability to sell their home and/or to decrease the value (or selling price) of the plaintiffs' home.

40.    By sending the June 14, 2006 letter / report to the defendant Town of Mamaroneck's chief building inspector, defendant Carpaneto, defendants Jayne Greenwald and Blaine Greenwald intended to impose further economic duress upon the plaintiffs so that the defendants Greenwald could coerce the plaintiffs into constructing a more esthetically pleasing wall facing into the Greenwald's property.

41.    Defendant Jane Greenwald and Blaine Greenwald expected and anticipated that prospective purchases of the plaintiffs' home (or persons acting on behalf of prospective purchasers) would review the files maintained by the Town of Mamaroneck concerning the plaintiffs' property and

that such persons would see a copy of the June 14, 2006 letter / report sent on behalf of the defendants Greenwald to the defendants Town of Mamaroneck and Ronald Carpaneto.

42.    On or about June 14, 2006, the plaintiffs, based upon the advice of their real estate broker, decreased the asking price of their home from $1,795,000.00 to $1,695,000.00.

43.    On or about June 23, 2006, the defendant Town of Mamaroneck issued a "Notice of Violation and Order to Remedy the Same" to the plaintiffs. The "Notice of Violation" was signed by defendant Ronald A. Carpaneto.

44.    On June 23, 2006, defendants Town of Mamaroneck and Ronald Carpaneto each were aware that the plaintiffs' home was for sale.

45.    On June 23, 2006, defendants Town of Mamaroneck and Ronald Carpaneto each knew that the issuance of a Notice of Violation against the plaintiffs' property would have a significant detrimental impact on the plaintiffs' ability to sell their home and on the value of the plaintiffs' home.

46.    The June 23, 2006 Notice of Violation referenced section 302.7 of the New York State Property Maintenance Code, however, the Notice of Violation failed to state or identify, in any manner, the underlying alleged factual basis allegedly supporting the Notice of Violation. The June 23, 2006 Notice of Violation did not identify any particular "accessory structure(s)" allegedly violating the code.

47.    Moreover, the June 23, 2006 Notice of Violation also failed to state, in any manner, the nature of the "remedy" sought by the defendant Town of Mamaroneck. Similarly, the Notice of Violation failed to inform the plaintiffs the actions, if any, they should (or could) take to correct the alleged violation.

48.    Prior to issuing the June 23, 2006 Notice of Violation, defendant Ronald Carpaneto had not conducted any inspection of the plaintiffs' premises; he had no basis in fact to issue the Notice of

Violation; he lacked a good faith basis to issue the Notice of Violation, and he lacked probable cause to issue the Notice of Violation.

49.    On or about September 14, 2006, the plaintiffs, based upon the advice of their real estate broker, decreased the asking price of their home from $1,695,000.00 to $1,550,000.00.

50.    On or about September 29, 2006, the defendant Town of Mamaroneck issued a "Notice of Violation and Order to Remedy the Same" to the plaintiffs. The September 29, 2006 "Notice of Violation" was also signed by defendant Ronald A. Carpaneto.

51.    The September 29, 2006 Notice of Violation again referenced section 302.7 of the New York State Property Maintenance Code, however, the Notice of Violation again failed to state or identify, in any manner, the underlying alleged factual basis allegedly supporting the Notice of Violation. The September 29, 2006 Notice of Violation again did not identify any particular "accessory structure(s)" allegedly violating the code.

52.    The September 29, 2006 Notice of Violation also failed to state, in any manner, the nature of the "remedy" sought by the defendant Town of Mamaroneck. Similarly, the September 29, 2006 Notice of Violation again failed to inform the plaintiffs the actions, if any, they should (or could) take to correct the alleged violation.

53.    Prior to issuing the September 29, 2006 Notice of Violation, defendant Ronald Carpaneto had not conducted any inspection of the plaintiffs' premises; he had no basis in fact to issue the Notice of Violation; he lacked a good faith basis to issue the Notice of Violation, and, he lacked probable cause to issue the Notice of Violation.

54.    On October 17, 2006, the defendant Town of Mamaroneck issued a Summons (summons number 666-06) to the plaintiffs Gary R. Rotenberg and Jane J. Dickson. The Summons was signed by defendant Ronald Carpaneto and directed the plaintiffs to appear in the Town Court of

Mamaroneck on October 30, 2006 at 7:00 p.m. (The matter was then adjourned to Monday November 6, 2006, and then to November 20, 2006.)

55.   The proceeding commenced against the plaintiffs was a criminal proceeding.

56.   Prior to issuing the October 17, 2006 Summons, defendant Ronald Carpaneto had not conducted any inspection of the plaintiffs' premises; he had no basis in fact to issue the Summons, he lacked a good faith basis to issue the Summons; and, he lacked probable cause to issue the Summons.

57.   According to defendant Ronald Carpaneto, the two violations and the summons were based upon the telephone calls of the defendants Greenwald and an engineering report sent to the defendants Town of Mamaroneck and Ronald Carpaneto on behalf of the defendants Greenwald.

58.   On or about October 25, 2006, an engineer, Anthony Oliveri, retained by the defendant Town of Mamaroneck examined the retaining wall.

59.   Mr. Oliveri subsequently opined that the lower stone wall appeared straight, he did not see any immediate concerns with the stone part of the wall, and the stone portion of the wall appeared to be in acceptable condition.

60.   Mr. Oliveri further opined that a structural engineer, somebody specializing in retaining walls, would be better suited to give a more thorough evaluation and examination.

61.   On November 20, 2006, the plaintiffs appeared and a trial was held with respect to Summons issued to the plaintiffs.

62.   One of the prospective purchasers of the plaintiffs' property sat in the courtroom throughout the trial.

63.   On November 20, 2006, the plaintiffs received a favorable termination of the proceeding commenced against them.

64.    On November 22, 2006, the defendants Town of Mamaroneck and Ronald Carpaneto issued a "Notice of Violation Removal" to the plaintiffs which indicated that the violation dated September 29, 2006 which "had been issued for Accessory structures (wall) has been removed."

65.    Between the date on which the plaintiffs moved into their home at 5 Huguenot Drive and until they sold their home at 5 Huguenot Drive, the retaining wall remained in substantially the same physical condition.

66.    Between June 23, 2006 and November 22, 2006, the retaining wall remained in substantially the same physical condition.

67.    Upon information and belief, the retaining wall continues to remain in substantially the same physical condition as it did throughout the plaintiffs' ownership of 5 Huguenot Drive.

68.    On or about September 23, 2006, the plaintiffs entered into a memorandum of understanding to sell their home to Douglas Mason and Jane Evans.  The agreed upon price was $1,450,000.00.

69.    On or about December 18, 2006, the plaintiffs sold their home to Douglas Mason and Jane Evans for the price of $1,400,000.00.

70.    As part of the sale, and because of the baseless allegations made by the defendants Jayne Greenwald, Blaine Greenwald, Town of Mamaroneck, and Ronald Carpaneto, the plaintiffs were forced to provide an additional $50,000.00 reduction in the price of their home.  Said $50,000.00 represented consideration for Douglas Mason and Jane Evans accepting the retaining wall in an "as is" condition at closing.

## NOTICE OF CLAIM PROVISIONS

71.    On February 12, 2007 a Notice of Claim was duly served and filed with the Clerk of the Town of Mamaroneck; this action was commenced within one year and ninety days from the accrual

of the action; and that at least thirty days have elapsed since the service of the Notice of Claim and an adjustment or payment thereof has been neglected or refused.

### AS AND FOR CLAIMS AGAINST DEFENDANTS JAYNE GREENWALD and BLAINE GREENWALD

72.     The defendants Blaine Greenwald and Jayne Greenwald each made, or caused to be made, communications falsely casting doubt as to the quality of the plaintiffs' property.

73.     The communications of defendants Blaine Greenwald and Jayne Greenwald were intended to cast doubt as to the quality of the plaintiffs' property.

74.     The communications of defendants Blaine Greenwald and Jayne Greenwald were reasonably calculated to cause harm.

75.     The communications of defendants Blaine Greenwald and Jayne Greenwald caused the plaintiffs' special damages, including diminution in the value of the plaintiffs' home, additional mortgage and escrow payments, and attorneys' fees and expert fees.

76.     The defendants Blaine Greenwald and Jayne Greenwald were aware of the plaintiffs' contract with Coldwell Banker to sell the plaintiffs' home at 5 Huguenot Road.

77.     The defendants Blaine Greenwald and Jayne Greenwald each intentionally interfered with that contract.

78.     The actions of defendants Blaine Greenwald and Jayne Greenwald interfered with the plaintiffs' contract with Coldwell Banker to sell the plaintiffs' home.

79.     The actions of defendants Blaine Greenwald and Jayne Greenwald were wrongful.

80.     The defendants Blaine Greenwald and Jayne Greenwald intended to cause harm to the plaintiffs.

81.    The plaintiffs suffered damages as the result of the wrongful conduct of defendants Blaine Greenwald and Jayne Greenwald.

82.    Defendants Blaine Greenwald and Jayne Greenwald intended to inflict harm upon the plaintiffs.

83.    As a result of the actions of defendants Blaine Greenwald and Jayne Greenwald the plaintiffs suffered special damages, including diminution in the value of the plaintiffs' home, additional mortgage and escrow payments, and attorneys' fees and expert fees.

84.    The actions of defendants Blaine Greenwald and Jayne Greenwald were without any legal justification or excuse.

85.    The actions of defendants Blaine Greenwald and Jayne Greenwald caused the commencement of the prosecution of the plaintiffs.

86.    Defendants Blaine Greenwald and Jayne Greenwald gave advice, had evidence created, and encouraged and importuned defendants Town of Mamaroneck and Carpaneto to act.

87.    Defendants Blaine Greenwald and Jayne Greenwald acted without probable cause in causing the commencement of the prosecution of the plaintiffs.

88.    Defendants Blaine Greenwald and Jayne Greenwald acted with malice in causing the prosecution of the plaintiffs.

89.    The prosecution of the plaintiffs ended favorably to the plaintiffs.

90.    The plaintiffs seek special damages against the defendants Blaine Greenwald and Jayne Greenwald in the amount of $350,000.00 and general compensatory damages an amount of money exceeding the monetary jurisdiction of all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR CLAIMS AGAINST DEFENDANTS TOWN OF MAMARONECK and RONALD A. CARPANETO.

91.    The defendants Town of Mamaroneck and Ronald Carpaneto made, or caused to be made, communications falsely casting doubt as to the quality of the plaintiffs' property.

92.    The communications of defendants Town of Mamaroneck and Ronald Carpaneto were intended to cast doubt as to the quality of the plaintiffs' property.

93.    The communications of defendants Town of Mamaroneck and Ronald Carpaneto were reasonably calculated to cause harm.

94.    The communications of defendants Town of Mamaroneck and Ronald Carpaneto caused the plaintiffs' special damages, including diminution in the value of the plaintiffs' home, additional mortgage and escrow payments, and attorneys' fees and expert fees.

95.    The defendants Town of Mamaroneck and Ronald Carpaneto were aware of the plaintiffs' contract with Coldwell Banker to sell the plaintiffs' home at 5 Huguenot Road.

96.    The defendants Town of Mamaroneck and Ronald Carpaneto intentionally interfered with that contract.

97.    The actions of defendants Town of Mamaroneck and Ronald Carpaneto interfered with the plaintiffs' contract with Coldwell Banker to sell the plaintiffs' home.

98.    The actions of defendants Town of Mamaroneck and Ronald Carpaneto were wrongful.

99.    The defendants Town of Mamaroneck and Ronald Carpaneto intended to cause harm to the plaintiffs.

100.    The plaintiffs suffered damages as the result of the wrongful conduct of defendants Town of Mamaroneck and Ronald Carpaneto.

101.    Defendants Town of Mamaroneck and Ronald Carpaneto intended to inflict harm upon the plaintiffs.

102.    As a result of the actions of defendants Town of Mamaroneck and Ronald Carpaneto the plaintiffs suffered special damages, including diminution in the value of the plaintiffs' home, additional mortgage and escrow payments, and attorneys' fees and expert fees.

103.    The actions of defendants Town of Mamaroneck and Ronald Carpaneto were without any legal justification or excuse.

104.    On October 17, 2006, defendants Town of Mamaroneck and Ronald Carpaneto commenced a criminal proceeding against the plaintiffs.

105.    There was no probable cause to commence the criminal prosecution of the plaintiffs.

106.    The defendants Town of Mamaroneck and Ronald Carpaneto acted maliciously in commencing the prosecution of the plaintiffs.

107.    The prosecution of the plaintiffs ended in favor of the plaintiffs.

108.    The actions of defendants Town of Mamaroneck and Carpaneto deprived the plaintiffs of property without due process.

109.    The acts of defendants Town of Mamaroneck and Ronald Carpaneto violated the rights granted to the plaintiffs pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, the plaintiffs seek relief pursuant to 42 U.S.C. §1983.

110.    The plaintiffs seek special damages against the defendants the Town of Mamaroneck and Ronald Carpaneto in the amount of $350,000.00 and general compensatory damages in an amount of money exceeding the monetary jurisdiction of all lower courts which would otherwise have jurisdiction over this action.

WHEREFORE, the Plaintiffs demand judgment against the defendants (i) in special damages in the amount of $350,000.00, (ii) general compensatory damages in an amount of money exceeding the monetary jurisdiction of all lower courts which would otherwise have jurisdiction over this action,

(iii) punitive damages, (iv) attorneys' fees, together with the interest, costs and disbursements of this

action.

Dated: New York, NY
     July 3, 2007

By:     *Michael J. Andrews*
               Michael J. Andrews

               MICHAEL J. ANDREWS, P.C.
               Attorneys for Plaintiffs
               Post Office Address
               60 East 42nd Street, 47th Floor
               New York, N.Y. 10165
               (212) 557-7767

## STATE OF NEW YORK, COUNTY OF

ss:

, being duly sworn, deposes and says, that:

*Individual Verification* ☐ deponent is the
, in the within action; has read the foregoing

*Corporate Verification* ☐ deponent is the
and knows the contents thereof;
of the
corporation in the within action; has read the foregoing
and knows the contents thereof;

*Attorney's Affirmation* ☐ the undersigned is an attorney admitted to practice in the courts of New York; is the attorney of record for the
in the within action; has read the foregoing
and knows the contents thereof; the same is true to affirmant's own knowledge, except as to those matters said to be upon
information and belief and as to those matters, affirmant believes it to be true. This verification is made by affirmant because

The grounds of affirmant's belief as to matters not stated upon affirmant's own knowledge are as follows:

the same is true to deponent's own knowledge, except as to those matters said to be upon information and belief and as to those matters, deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:

Affirmed this                    day of                    , 20

............................................................................
(Print Name Beneath Signature)

Sworn to before me this
day of                    , 20

............................................................................
(Print Name Beneath Signature)

*Certification by Attorney* ☐ the undersigned is an attorney admitted to practice in the courts of New York and certifies that the within

has been compared by the undersigned with the original and found to be a true and complete copy.

Dated                    day of                    , 20

............................................................................
(Print Name Beneath Signature)

## STATE OF NEW YORK, COUNTY OF

ss:

,being duly sworn, deposes and says, that deponent is not a party to this action, is over 18
years of age and resides at                                     ; that on the                    day of                    , 20
deponent served the within

*Affidavit of Personal Service* ☐ upon
personally, by delivering a true copy thereof to h                    . Deponent knew the
person served to be the person mentioned and described in said papers.

*Affidavit of Service by Mail* ☐ upon
attorney for                    in this action, by depositing a true copy of same enclosed in a post-paid, properly addressed
wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of
New York.

*Service by Electronic Means* ☐ by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the
attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was
received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and
custody of the United States Postal Service, addressed to the attorney at the address set forth after the name.

*Overnight Delivery Service* ☐ by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of
for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Index No. _____            Year 20___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

GARY R. ROTENBERG and JANE J. DICKSON,

                    Plaintiffs

    - against -

TOWN OF MAMARONECK, RONALD A CARPANETO,
JAYNE GREENWALD, and BLAINE GREENWALD

                    Defendants

## MICHAEL J. ANDREWS, P.C.

Attorney(s) for    PLAINTIFF

Office and Post Office Address, Telephone

**60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165
(212) 557-7767**

To

Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated,

            Attorney(s) for            .....................................

### Sir: Please take notice

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20

☐ *NOTICE OF SETTLEMENT*
that an order                              of which the within is a true copy will be presented for
settlement to the HON.                                          one of the judges

of the within named Court, at
on the                day of            20        at        M.

Dated.

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a