# EXHIBIT "C"

To commence the statutory time for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
GARY R. ROTENBERG and JANE J. DICKSON,

                  Plaintiffs,

- against -

                  DECISION AND ORDER

                  Index No. 12167/07

THE TOWN OF MAMARONECK,
RONALD A. CARPANETO, (individually),
JAYNE GREENWALD, and BLAINE GREENWALD,

                  Defendants.

-----------------------------------------------------------------X
LIEBOWITZ, J.

      The following documents numbered 1 to 32 were read in connection with the motion to dismiss of defendants Janye Greenwald and Blaine Greenwald, and the motion to dismiss of defendants The Town of Mamaroneck (the "Town") and Ronald A. Carpaneto.

| | |
|---|---|
| Greenwald Defendants' Notice of Motion, Affidavits and Supporting Papers | 1-8 |
| Town and Carpaneto's Notice of Motion, Affidavits and Supporting Papers | 9-20 |
| Opposing Affidavits and Supporting Papers | 21-29 |
| Reply Affidavits and Supporting Papers | 30-31; 32 |

      Defendants, Blaine Greenwald and Jayne Greenwald reside at 2 Lafayette Road, Larchmont, New York. Their residence is located is within the Town of Mamaroneck. A portion of the

FILED AND ENTERED
ON 1-17 2008
WESTCHESTER COUNTY CLERK

JAN 1 8 2008

Greenwald's property abuts property that is owned by plaintiffs. There exists a retaining wall on plaintiff's property, where the two properties join. Plaintiffs' premises are situated some 15 to 20 feet higher than the Greenwald's property. The wall is constructed of stone at the base. The upper five (5) feet of the wall is comprised of cement block. Over a period of time, the wall shifted so that it is leaning out over the Greenwald's property.

A series of communications between plaintiffs and the Greenwalds concerning the wall took place, beginning on April 6, 2006. Plaintiffs had requested permission that a mason be allowed on the Greenwald's property to gain access to the wall to effect repairs. The Greenwalds countered by saying that they wanted an engineer to evaluate the wall's condition before any repairs were undertaken. This was refused by plaintiffs. The Greenwalds then sent a letter to plaintiffs on April 14, 2006, with a copy sent to Ronald A. Carpeneto, the Building Inspector for the Town. This letter documented the Greenwald's concerns, as previously stated. The Town then advised the Greenwalds to retain a licensed engineer and recommended Benedict A. Salanitro, P.E. The Town ultimately prosecuted plaintiffs for a building code violation, which case was dismissed after trial.

While the foregoing was taking place, but after the letter was issued by the Greenwalds, plaintiffs placed their home on the market. Originally priced at $1,995,000.00, the house ultimately sold for $1,450,000.00 on December 7, 2006.

The complaint served in this action contains one hundred and ten (110) allegations against the Greenwalds, the Town and Ronald A. Carpeneto. Motions have been made by the various defendants seeking dismissal pursuant to CPLR §§3211(a) (7) and 3211(a) (5). The Town has also moved to dismiss pursuant to General Municipal Law §50-e. A review of the complaint reveals a

detailed recitation of the facts in issue with a reference to a violation of 42 USC§1983. There is also an allegation that by reason of the factual circumstances, defendants are liable to plaintiffs for special damages in the sum of $350,000.00.

In the affirmation in support of the Greenwald's motion, the affirmant offers an interpretation as to what causes of action <u>might</u> be contained in the complaint. The complaint in a lawsuit is intended to provide a defendant with official notice regarding the matters for which a plaintiff intends to seek redress. In addition to a factual matrix, the complaint must contain a cognizable cause of action. In this case, the complaint is an aggregation of allegations which do not rise to the level of specificity required by law. This conclusion is underscored by defense counsel's attempt to opine as to the essence of plaintiffs' cause of action. Under these circumstances, the Court has no choice but to dismiss the complaint.

On the basis of the foregoing, it is hereby

ORDERED that the motion to dismiss of defendant Janye Greenwald and Blaine Greenwald is granted; and it is further

ORDERED that the motion to dismiss of defendant The Town of Mamaroneck and Ronald A. Carpaneto is granted; and it is further

ORDERED that the complaint herein is dismissed.

This constitutes the Decision and Order of this Court.

Dated: White Plains, New York
January 16, 2008

*Richard B. Liebowitz*
RICHARD B. LIEBOWITZ
SUPREME COURT JUSTICE

Voute, Lohrfink, Magro & Collins, LLP
Attorneys for Defendants
Jayne Greenwald and Blaine Greenwald
170 Hamilton Avenue
White Plains, New York 10601

Miranda Sokoloff Sambursky Slone Verveniotis LLP
Attorneys for Defendants
The Town of Mamaroneck and
Ronald A. Carpaneto
240 Mineola Blvd.
Mineola, New York 11501

Michael J. Andrews, P.C.
Attorneys for Plaintiffs
60 East 42nd Street, Suite 4700
New York, New York 10165