# EXHIBIT "I"

## APPLICATION FOR ADDITION AND ALTERATIONS TO EXISTING BUILDING

Application is hereby made to the Building Department of the Town of Mamaroneck, for the approval of the detailed statement of specifications and plans herewith submitted for the addition or alteration of the building herein described. All provisions of the Building Code shall complied with in the erection of said building whether specified herein or not.

In making the application for the approval of plans the following drawings must be furnished: Plans of all floors, including cellar basement; elevation showing height of stories, longitudinal or transverse section, or both if necessary; all plans must be drawn to a uniform scale not than one-quarter inch to the foot, and proposed new work must be clearly distinguished from old by conventional methods, building line or lines must clearly and distinctly indicated on the drawings; give lot and block numbers of premises, also diagram of same.

| Location of Building | 5 Huguenot Drive | | | | | Zone District | 7.5 | |
|---|---|---|---|---|---|---|---|---|
| Section | | Block | 130 | Parcel | 415 | Value of Proposed Work | 10,000 | |
| Size of Project | Area (sq.ft.) | | | Length | | Width | | Height |
| Location in Relation to Existing Building | Rear Yard | | | | | | | |
| Existing Front Setback | | Proposed | | Existing Height of Building | | | Proposed | |
| Existing Sideline | | Proposed | | Lot Coverage (ALL Impervious Areas) | | % | Proposed | |
| Existing Sideline | | Proposed | | Existing Total Both Side Yards | | | Proposed | |
| Existing Rear Yard | | Proposed | | No. of Stories Existing | | | Proposed | |
| Size of Lot: Frontage | | ft. | Width | | ft. | Depth | ft. Area | sq. |
| Use of Premises or No. of Families | | Existing | | | | Proposed | | |
| Will There be Additional Plumbing Fixtures? | (Yes) | (No) ✓ | How Many? | | Will There be Electrical Work? | (Yes) | (No) | |

Description of Project: Remove secondary section of wall and excavate behind existing stone wall. Reconstruct with concrete and reinforcing to same height. Remove pavement a least five (5) feet. Extend height of short stone wall in southeastern area to level grade. Install drains and retention units.

| | NAME | ADDRESS | TELEPHONE # |
|---|---|---|---|
| OWNER | JANE EVANS Douglas Mason | 5 Huguenot Dr. Larchmont | 914 630 1253 |
| ARCHITECT PE | Vincent Masucci | 443 Westchester Ave, White Plains, NY 10604 | 915-761-3102 |
| BUILDER | MICHEAL BELANTONI | | |
| HOME IMPROVEMENT LICENSE # | | | |
| PLUMBER | | | |

Applicant/Owner (sign here) _Jane M Evans_ being duly sworn deposes and says

That he/she is the applicant named above; that he/she has read the foregoing application and knows the content to be true except those which are stated o information and belief and as to those matters he/she believes to be true.

*NOTE: A Certificate of Occupancy and an Electrical Certificate of Approval are required prior to occupancy or use the structure or affected areas.*

Filing Fee _____    Permit Fee _____

State Environmental Quality Review
# SHORT ENVIRONMENTAL ASSESSMENT FORM
For UNLISTED ACTIONS Only

**PART I - PROJECT INFORMATION** (To be completed by Applicant or Project Sponsor)

| 1. APPLICANT/SPONSOR | 2. PROJECT NAME |
|---|---|
| JANE M. EVANS | xxxxx |

**3. PROJECT LOCATION:**

Municipality: Town of Mamaroneck    County: Westchester

**4. PRECISE LOCATION** (Street address and road intersections, prominent landmarks, etc., or provide map)

5 Huguenot Drive Larchmont NY. 10538
914 630 1253

**5. PROPOSED ACTION IS:**
☐ New    ☐ Expansion    ☑ Modification/alteration

**6. DESCRIBE PROJECT BRIEFLY:**

Repair retaining wall

**7. AMOUNT OF LAND AFFECTED:**
Initially _____ acres    Ultimately _____ acres

**8. WILL PROPOSED ACTION COMPLY WITH EXISTING ZONING OR OTHER EXISTING LAND USE RESTRICTIONS?**
☑ Yes    ☐ No    If No, describe briefly

**9. WHAT IS PRESENT LAND USE IN VICINITY OF PROJECT?**
☑ Residential    ☐ Industrial    ☐ Commercial    ☐ Agriculture    ☐ Park/Forest/Open Space    ☐ Other
Describe:

**10. DOES ACTION INVOLVE A PERMIT APPROVAL, OR FUNDING, NOW OR ULTIMATELY FROM ANY OTHER GOVERNMENTAL AGENCY (FEDERAL, STATE OR LOCAL)?**
☑ Yes    ☐ No    If Yes, list agency(s) name and permit/approvals:

**11. DOES ANY ASPECT OF THE ACTION HAVE A CURRENTLY VALID PERMIT OR APPROVAL?**
☐ Yes    ☑ No    If Yes, list agency(s) name and permit/approvals:

**12. AS A RESULT OF PROPOSED ACTION WILL EXISTING PERMIT/APPROVAL REQUIRE MODIFICATION?**
☐ Yes    ☑ No

I CERTIFY THAT THE INFORMATION PROVIDED ABOVE IS TRUE TO THE BEST OF MY KNOWLEDGE

Applicant/sponsor name: JANE M. EVANS    Date: 17 Sept '07

Signature: Jane M Evans

---

If the action is in the Coastal Area, and you are a state agency, complete the Coastal Assessment Form before proceeding with this assessment



## SECTION FOR EXISTING STONE RETAINING WALL
SCALE 1/4" = 1'-0"

NOTE: EXISTING WALL HAS CRACKS AND BLOCK WALL IS LEANING FORWARD. EXISTING WALL HAS TIEBACKS THAT HAVE RUSTED. STONE WALL THICKNESS MEASURES ABOUT 30" IN DEPTH AND WALL APPEARS TO BEAR ON ROCKLEDGE BELOW.

**PROPOSAL TO REINFORCE EXISTING RETAINING WALL**

EVANS/MASON RESIDENCE
5 HUGUENOT DRIVE
LARCHMONT, N.Y.

| SCALE | APPROVED BY: | DRAWN BY |
|---|---|---|
| DATE: 06/11/2007 | | REVISED |

**PROPOSED STORMWATER MANAGEMENT FOR**

SEP 17 2007

## EXISTING STONE WALL CACULATIONS (without upper block wall):

W(1) = 18"/12"/' X 10' X 150PCF = 2250 PLF (First section of wall)

W(2) = 14"/12"/' X 10' X ½ X 150PCF = 875 PLF (Second section of wall)

W (total) = 3125 PLF

P ((h) = 50# X 0.286 = 14.3 PSF (soil surcharge pressure)

P =   A x 33.3 PSF x h = 10 x 33.3 x 10'/2 = (horizontal force).

P (total) = 1665 + 14.3 x 10' = 1808 PLF

<u>Overturning Moment at point "A"</u>

1808 x 10/3 =   6027 ft-lbs

<u>Resisting Moment at point "A"</u>

R =  2250 x 18/2/12 + 875 x 25/12 = 1688 + 1823 = 3511 ft-lbs.

**FACTOR OF SAFETY = 3511 / 6027 = 0.58** which is less than 1.5 minimum. Therefore, the existing wall is <u>not</u> stable and requires ADDITIONAL reinforcing.



SEP 17 2007

## **SPECIAL NOTATIONS:**

1 USE EXISTING DRIVEWAY FOR ACCESS OF EQUIPMENT. MAINTAIN ROADWAY CLEAN OF DIRT AND DEBRIS.

2 MAINTAIN MINIMUM TEN (10) FOOT SETBACKS FOR ANY RETENTION UNITS INSTALLED.

3 ALTERATIONS WILL NOT INCREASE GRADING TOWARD ADJACENT PROPERTIES.

4 SOIL TO BE STABILIZED FROM EROSION.

5 EXISTING STONE WALL HAS A MAXIMUM HEIGHT OF TEN (10) FEET WITH A BLOCK WALL ON TOP FOR AN ADDITIONAL 4'-8" PART OF WHICH IS A 22" PARAPET WALL FROM THE ASPHALT TO THE TOP. A CHAIN LINK FENCE IS ON TOP OF THE BLOCK WALL. THE BLOCK SECTION OF THE WALL SHOWS SIGNS OF BULGING WHILE THE EXISTING STONE WALL BELOW HAS CRACKS AND TIE RODS PENETRATING THE EARTH BEHIND THE WALL. THESE TIE ANCHOR RODS ARE RUSTING THROUGH AND ARE NO LONGER RELIABLE. MEASUREMENTS WERE TAKEN OF THE WALL BY MEANS OF THE WEEP HOLES AT THE BASE. IT APPEARS THAT THE WALL THICKNESS MAY ONLY BE A MAXIMUM OF 32". CALCULATIONS FOR OVERTURNING FOR A GRAVITY WALL WITHOUT THE ADDITIONAL SURCHARGE OF THE BLOCK EXTENDED WALL ABOVE AND THE SURCHARGE FROM THE VEHICLE PARKING AND ANGLE OF INCLINE WOULD FAIL THE FACTOR OF SAFETY TEST. A SIMPLE FIX OF THE UPPER WALL WOULD NOT BE ENOUGH.

6 IT IS RECOMMENDED THAT THE BLOCK WALL BE REMOVED, AN ADDITIONAL FIVE (5) FEET OF STONE WALL BE REMOVED AND THE REMAINING WALL EXCAVATED TO PROVIDE FOR A POURED CONCRETE BASE AND CAP THE EXISTING STONE WALL WITH REINFORCING RODS.

7 AN ADDITIONAL REINFORCED CONCRETE WALL TO BE POURED 18" THICK WITH WEEP HOLES. A GRAVEL BASE WITH GEOTECK FABRIC ON TOP TO ALLOW FOR A SOIL PLANTER AREA AND A GRAVEL BASE WITH DRIVEWAY DRAIN ALLOWING FOR PVC PIPES TO DIRECT WATER INTO A RETENTION AREA IN THE REAR YARD WHERE THE RETAINING WALL IS ONLY ABOUT FIVE (5) FEET IN HEIGHT.

8 THE CONTRACTOR AND OWNER SHALL OBTAIN WRITTEN PERMISSION FROM THE ADJACENT PROPERTY BELOW TO PROTECT, MAINTAIN AND RESTORE PROPERTY FROM ANY DAMAGE DUE TO CONSTRUCTION. SOIL STORAGE ON SITE TO BE PROTECTED FROM ERODING ONTO ADJACENT PROPERTIES.

9 CONTRACTOR TO SECURE SITE WHILE EXCAVATING AND PROTECT WORKERS AND THE BUILDING STRUCTURE FROM SOIL SHIFTING BY SHORING, COVERING AND ALL OTHER RECOGNIZED STANDARDS. NO WORKERS ARE TO ENTER AN EXCAVATED AREA FOUR FEET OR IN DEPTH WITHOUT THE SOIL BEING FIRST SECURED.

-2-

## SECTION "B-B"
SCALE 1/4" = 1'-0"

**PROPOSAL TO REINFORCE EXISTING RETAINING WALL**

| EVANS/MASON RESIDENCE  5 HUGUENOT DRIVE  LARCHMONT, N.Y. | | |
|---|---|---|
| SCALE: 1" = 20' | APPROVED BY: | DRAWN BY |
| DATE: 06/11/2007 | | REVISED |
| VINCENT J. MASUCCI, P.E. | | DRAWING NUMBER  **102** |

# EXHIBIT "J"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------x

GARY R. ROTENBERG and JANE J. DICKSON,   Index No.: 12167/07

                Plaintiff(s),   **AFFIDAVIT OF**
                                                                **RONALD A. CARPANETO**

-against-

THE TOWN OF MAMARONECK, RONALD A.
CARPANETO, (individually), JAYNE GREENWALD
and BLAINE GREENWALD

                Defendant(s).
------------------------------------------------------------x
STATE OF NEW YORK    )
                          : SS
COUNTY OF WESTCHESTER)

      **RONALD A. CARPANETO**, being duly sworn deposes and says:

      1.      I am the Director of Building Code Enforcement and Land Use Administration for the Town of Mamaroneck and have held that position for 10 years.

      2.      I submit this affidavit based on my knowledge of the facts and circumstances surrounding the claims being made against me and the Town, as well as the documents involved in this matter.

      3.      I submit this affidavit in support of the motion being made by counsel on behalf of myself and the Town to dismiss the plaintiffs' complaint.

      4.      As part of my duties and responsibilities as the Director of Building Code Enforcement and Land Use Administration, I respond to complaints made by concerned citizens regarding issues in the Town. I help to protect the safety of Town residents and add to residents' quality of life by helping to ensure compliance with municipal regulations. I am

authorized by the Town to issue Notices of Violation. In the event that the Notices are not corrected, I am authorized by the Town to issue a Summons.

5. Sometime in April 2006, I was contacted by Jayne and Blaine Greenwald because they were concerned about the structural integrity of the retaining wall located between the Greenwald's property located at 2 Lafayette Road and the property formerly owned by the plaintiffs (hereinafter "the Rotenbergs"), located at 5 Huguenot Drive.

6. There is no dispute that the wall is located on the Rotenbergs' property, 5 Huguenot Drive.

7. After several visits to the property, I determined, based on a visual inspection, that the wall did not appear safe and could potentially cause damage to the Greenwald's property or worse, result in personal injury.

8. The wall, which is approximately 20' high, is made partially of stone on the lower half and cinderblock on the upper portion. There is some cracking in the lower portion where water comes through. But my main concern was that the top portion shifted out over the edge of the stone and there was a difference of four or fire inches on the face of the wall. The wall appeared to be leaning. Also, the tie backs were rusted.

9. Based on my opinion that it was in the public's interest that the wall be repaired, I issued a Notice of Violation, dated June 23, 2006 to the Rotenbergs. A copy of the Notice is annexed hereto as Exhibit A.

10. The Notice of Violation indicated a violation of NY State Code PM302.7 in that all Accessory Structures, including walls, must be maintained structurally sound and in good repair.

11. Although the Notice gave the plaintiffs until July 3, 2006 to remedy the condition, in fact the Town gave them much more time. It was not until September 29, 2006 that a Final Notice was sent to the Rotenbergs. A copy of the Notice is annexed hereto as Exhibit B.

12. The Rotenbergs made no effort to correct the problem or contact the Town to discuss the matter.

13. On October 17, 2006, a summons was issued by the Town to the Rotenbergs for their failure to correct the Violation. A copy of the Summons is annexed hereto as Exhibit C.

14. At around the time the plaintiffs hired John Annunziata, P.E., P.C. who submitted a report (copy attached hereto as Exhibit D) that the wall was stable, the Town hired Anthony Oliveri, P.E. to examine the wall. A copy of Oliveri's report dated October 26, 2006 is annexed hereto as Exhibit E. Oliveri advised that a qualified structural engineer should evaluate the wall. He found the wall's stability to be questionable.

15. On November 20, 2006, a hearing was held and the Violation was dismissed. (A copy of the transcript is annexed hereto as Exhibit F).

16. Although the Judge dismissed the Violation, she did indicate that the wall looks troubling to her (Exhibit F, p. 171, line 2), that the condition will not improve over time (Exhibit F, p. 173, lines 11-13) and the parties should work together to correct the problem. Furthermore, she suggested that the Town continue to "keep an eye" on the property. (Exhibit F, p. 173, lines 10-12).

3

17. On November 21, 2006, structural engineers Grigg & Davis Engineers, P.C., visited the premises and prepared a report. A complete copy of the report is annexed hereto as Exhibit G.

18. The report gives specific details of the structural problems with the wall and specific recommendations on what needs to be done to make the wall safe. Until the recommendations are complied with, Grigg and Davis opines that the wall is dangerous.

19. The Violation and the Summons issued to the Rotenbergs were not intended to harass or harm the Rotenbergs. My sole intention was to make sure that necessary repairs were made to the wall so that there was no injury to people or property.

20. I did not know that the Rotenbergs had a contract to sell their house and I had no intention of interfering with the sale of their property.

21. I did not personally know either the Rotenbergs or the Greenwalds prior to this matter and did not confer with either couple before issuing the Violation or the Summons to the Rotenbergs.

22. Based on the above, the Rotenbergs have failed to set forth any viable claims against me or the Town and their complaint should be dismissed accordingly.

_____
RONALD A. CARPANETO

Sworn to before me this 13th
day of September, 2007.

_____
NOTARY PUBLIC

MICHELLE T. IANNARELLI
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01IA6165425
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES MAY 7, 20__

4

TOTAL P.005

EXHIBIT "K"

To: **Gary & Jane Rotenberg**

Address: **5 Huguenot Drive**

City: **Larchmont, NY 10538**

You are hereby directed to appear before the presiding Justice of the Town Court of Mamaroneck, at the Court house at 740 W. Boston Post Road, New York at 7:00 pm   O'Clock.

of the: **30th** day of **October**, **2006**, to answer the charge that on the **3rd** day of **July**, **2006** at _____

**5 Huguenot Drive**                                         Block: **130**    Lot: **415**

You did committ a violation of **Property Maintenance Code 302.7 of New York State - Accessory Structures - All accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.**

of the Town of Mamaroneck

Upon your failure to appear a warrant may be issued for your arrest.

Date: **October 17**, **2006**    Issued By: _____

Title:    **Building Inspector**

Exhibit D

STATE OF NEW YORK  :  COUNTY OF __WESTCHESTER__

__TOWN__ COURT __TOWN__ OF __MAMARONECK__

𝕿𝖍𝖊 𝕻𝖊𝖔𝖕𝖑𝖊 𝖔𝖋 𝖙𝖍𝖊 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐

against

Gary & Jane Rotenberg

Defendant

𝕴𝖓𝖋𝖔𝖗𝖒𝖆𝖙𝖎𝖔𝖓

Ronald Carpaneto, Director of Building _____ with offices _____, ~~residing~~

__740 W. Boston Post Road, Mamaroneck, New York 10543__, by this information mak(es)

written accusation as follows:

That __Gary & June Rotenberg__, on the __3rd__

day of __July__, __2006__, at __5 Huguenot Drive__

(Location)

in the __Town__ of __Mamaroneck__

County of __Westchester__, New York, c(ommit)

commit the offense of __Property Maintenance - Accesory Structures__

_____, a (misdemeanor) (violation) in violation of Section __302.7__

of the __NYS Prop. Maint.__ Law of the State of New York, in that (s)he did, at the aforesaid time and plac(e)

Count One:

The facts upon which this information is based are as follows:

July 3, 2006          - Violation Issued
September 29, 2006    - Final Notice of Violation Issued
October 17, 2006      - Summons Issued

Exhibit D