```
 1        think I was clear enough when I explained
 2        why I did not grant your application for an
 3        adjournment in the first instance today.
 4              You made your application on the
 5        grounds that you wanted another witnesses
 6        but at the time you made that application,
 7        you, in fact, did not have an expert
 8        witness, you had a guy who might render an
 9        opinion, who had not yet seen the property
10        and based upon that opinion, you might call
11        him as a witness.
12              MRS FIORE: I--
13              THE COURT: I'm going by what you
14        told me at the beginning of the case, so
15        the People were asking for an adjournment
16        in order to continue their investigation in
17        essence.
18              The People don't get that in a
19        criminal case, unless there is new matter
20        or new material that arrises the People
21        could not have possibly known existed
22        before the trial date. The wall has been
23        there a alot longer than this trial has
24        been scheduled.
25              Now, I don't know if the person you
```

```
 1                had in mind was Mr. Davis or somebody else.
 2                     I, of course, would give you an
 3     opportunity to call a rebuttal witness,
 4     which is relevant it could be Mr. Davis or
 5     somebody else but I want to make it very
 6     clear on the record, in case I was not
 7     clear enough the first three times, why I
 8     did not grant the People's application for
 9     an adjournment today.
10                     MRS. FIORE: If I may, Your Honor.
11     What I think I said at the outset of the
12     application's request, was that an expert
13     had been retained by the building
14     department, he had been to the premises but
15     that he did not have an opportunity to
16     prepare his report, which my understanding
17     is what is required by the People to the
18     Defendants prior to calling an expert
19     witness. Their notice of an expert witness
20     must be served within twenty or thirty
21     days. That is the rule in a criminal case.
22                     The People were trying to satisfy
23     their obligations with respect to notice of
24     a witness, which is why I called counsel on
25     Friday the 17th, when it first came to my
```

1  knowledge from the town administrator that
2  they had in fact retained an expert with
3  respect to this case.
4     THE COURT: Okay.
5     MRS. MULLINS: Well, Your Honor my
6  recollection of what Mrs. Fiore stated
7  initially was that he went to the site,
8  this Mr. Davis, in order to give the town
9  an estimate for his services and that he
10 did not inspect the wall with a view
11 towards rendering an opinion, he went there
12 only to, I guess, see what was involved in
13 terms of his time in the case.
14    Again, the issues that Mr.
15 Annunziata testified to and Mr. Coppola
16 have been in the building department's file
17 for many, many weeks.
18    MRS. FIORE: Mr. Coppola's name is
19 not even in the file, much less any kind of
20 documentation from Mr. Coppola, so let's
21 just be clear about what is existing in the
22 building department's file.
23    THE COURT: Either way --
24    MRS. FIORE: I understand but I want
25 the record to be accurate.

```
 1              THE COURT: Either way, Friday
 2   afternoon or this morning, because this
 3   morning is when the first application was
 4   first made to me, Friday afternoon was too
 5   little too late, regardless of whether the
 6   individual went to the property or not,
 7   that was not clear in your first
 8   application but even if he had gone to the
 9   property, he is not here and we don't have
10   an opinion, okay.
11              So, now, how do you wish to proceed?
12              MRS. FIORE: My objection was also to
13   the second expert witness, again on the
14   same grounds, I had no notice and he
15   prepared a report and the People were not
16   provided with a copy of that report, nor
17   his name, nor his address, nor his
18   qualifications, nothing.
19              I renew my application to strike his
20   entire testimony.
21              THE COURT: Well, I have to think
22   about that one because it might be
23   irrelevant. Now, what would you like to do?
24              MRS. FIORE: I would like an
25   opportunity to provide a rebuttal case with
```

1   the expert witness.
2           THE COURT: Okay, could you do that
3   now?
4           MRS. FIORE: I don't know, the last
5   call to his office was that he was not
6   there and the building department was going
7   to notify me.
8           THE COURT: So, it sounds like he is
9   not there.
10          MRS. FIORE: The building department
11  could not reach and him his office was
12  going to try to reach him, I don't know.
13          THE COURT: We are going to take a
14  short break. I would like everyone to be
15  here in a few minutes.
16          (Whereupon, a short recess was taken
17  by all parties.)
18          MRS. FIORE: Your Honor, at this
19  time my witness is not available.
20          THE COURT: Does anyone care to make
21  a closing statement?
22          MRS. MULLINS: I do, Your Honor.
23          MRS. FIORE: Yes, Your Honor.
24          THE COURT: Okay, Mrs. Mullins.
25          MRS. MULLINS: Your Honor, as the

1  Court is well aware, the summons that was
2  served in this case alleges that a
3  particular violation of section 302.7 of
4  the New York State Building Code has been
5  violated and the reading of that section
6  reveals as follows:
7      It's entitled accessory structures
8  and it says all accessory structures
9  including detached garages, fences and
10 walls, shall be maintained structurally
11 sound and in good repair.
12     I think that the People have failed
13 to sustain their burden of proof, which in
14 this case, of course, is beyond a
15 reasonable doubt with regard to the proof
16 of the elements of that violation of that
17 statute.
18     As argued earlier by the Defendants,
19 the accusatory instruments that were filed
20 in this case, both the summons and the
21 prosecutors information or supporting
22 deposition, have absolutely no factual
23 basis whatsoever.
24     The testimony of Mr. Carpaneto added
25 nothing to the fact that there was no

1   factual basis whatsoever. He basically
2   testified that as a result of a call to the
3   building department from a neighbor, he
4   issued the summons or the notice of
5   violation which led to the issuance of the
6   summons.
7       He never inspected the wall prior to
8   the notice of violation or the summons in
9   this case. In fact, he admitted that the
10  first time he visited the site was on
11  October 20th.
12      I don't believe that in a criminal
13  matter the People can prove their case by
14  boot strapping the testimony and/or report
15  of an engineer in proving the violation of
16  that section, that the testimony of Mr.
17  Oliveri, I believe, did not even establish
18  a violation of that section.
19      Basically, what Mr. Oliveri
20  testified to and what his report said was
21  you need somebody who is an expert to look
22  at this wall and tell us if there is a
23  structural issue.
24      The Defendants put on two expert
25  witness that clearly rendered opinions that