1    the wall is structurally sound.

2               Based upon that, Your Honor, we
3    respectfully request a directed verdict
4    dismissing the charges pending before this
5    court in their entirety with prejudice and
6    that the violation and summons their
7    existence be expunged from the building
8    department of the Town of Mamaroneck, thank
9    you.
10              THE COURT: Okay, Mrs. Fiore.
11              MRS. FIORE: Your Honor, yes the
12   People believe they have sustained their
13   burden of proof contrary to what Counsel
14   just stated. Mr. Carpaneto did visually
15   inspect the wall. He testified credibly
16   that he had visited the premises and noted
17   that the wall had cracks and had shifted
18   between the two different materials that
19   comprise the wall and accordingly, he
20   issued a notice of violations, the
21   condition had not been corrected and
22   therefore he issued a second notice of
23   violation.
24              The pertinent building code section
25   as stated by defense counsel, all accessory

1  structures including detached garages,
2  fences and wall shall be maintained
3  structurally sound and in good repair. I
4  suggest, Your Honor, that Mr. Carpaneto's
5  testimony alone shows that if there is a
6  shift in a wall or a listing, I believe he
7  testified to a listing, a crack and a shift
8  that is clearly within the purview of this
9  statute, not in good repair.
10         As the Peoples's expert witness, Mr.
11  Oliveri testified, he also visited the
12  premises and inspected the premises and
13  found, in his opinion, that the retaining
14  wall has failed. He gave creditable
15  testimony concerning the condition of the
16  steel tie backs that were on the stone wall
17  and on the concrete block portion of the
18  wall rusted and could not say whether or
19  not that the tie backs would suffice in
20  keeping the wall structurally sound.
21         Mr. Greenwald gave testimony stating
22  his call to the building department, which
23  prompted the town's involvement in this
24  case and his concern as a neighbor and as a
25  possible victim of the unsoundness of the

1  law, if you will, of the structurally
2  deficient aspects of wall, have a huge
3  impact on him and on his property.
4      I suggest, Your Honor, that the
5  Defendant's witnesses who testified could
6  not say with certainty whether or not the
7  wall was properly reinforced.
8      I think that it was clear that in
9  order to determine with certainty and with
10 specificity whether or not those tie backs
11 are still performing the functions that
12 they were designed to perform would require
13 an excavation of the driveway and a digging
14 into the ground to find the source if there
15 is concrete or if there is foundation
16 support within the bottom of that stone
17 wall.
18     However, even if the stone wall is
19 structurally sound, even if Your Honor
20 finds that to be the case, clearly the top
21 portion of the wall that has separated
22 almost three quarters of the way along the
23 length of the wall has shifted between--
24 and it was testified to by all of the
25 expert witnesses between three to five

1  inches of a gap, between those two
2  surfaces.
3       I submit, Your Honor, that a wall
4  could hot be structurally sound with rusted
5  tie backs if it has shifted to the point
6  where it's moving off it's original place.
7       The tie backs could not be said to
8  be secure in such a way, so as to prevent
9  that continuous shift and I would submit,
10 Your Honor, that the People have more than
11 met their burden in satisfying the fact
12 that the Defendants have violated section
13 302.7.
14      THE COURT: All right, I'll need ten
15 minutes to put together my decision here,
16 If someone from the building department
17 could be here, if you want to have Mr.
18 Carpaneto or whoever he wants to send in
19 here, I think that it would be the right
20 thing to do.
21      MRS. FIORE: Okay.
22      THE COURT: I just need ten minutes.
23      (Whereupon, a short recess was taken
24 by all parties).
25      THE COURT: As the People have

```
 1                    expressed his concerns.
 2                         The wall looks troubling to me, but
 3     I have to be governed in this case by the
 4     statute and by applying the reasonable
 5     doubts standard to the evidence presented
 6     in order to support any findings under that
 7     statute.
 8                    All these standards require is that
 9     the Defendant raise a reasonable doubt
10     concerning the People's proof.
11                    Even if I don't consider Mr.
12     Coppola's testimony and I won't for the
13     purpose of this decision, Mr. Annunziata's
14     testimony is sufficient to raise such
15     doubts. He creditably testified that both
16     the top and bottom portion of this wall
17     were structurally sound.
18                    He explained and I credit his
19     opinion that any shifting that appeared in
20     the upper wall was not recent. He explained
21     that the shifting occurred over a one
22     quarter to one third of that portion of the
23     wall and he applied that the condition had
24     stabilized and the tie backs were doing the
25     job that they intended to do.
```

1  clearly stated, this case, as brought by
2  the People, is a criminal offense, as such
3  requires that the people establish the
4  allegation set forth in the information
5  with proof beyond a reasonable doubt.
6      Today I must base my decision on the
7  evidence presented here today. The People
8  have not met their burden and I'm going to
9  explain why.
10     The statute requires that all
11 accessory structures, including retaining
12 walls, as in the instant case, shall be
13 maintained structurally sound and in good
14 repair.
15     The People's case included the clear
16 and descriptive testimony of Mr. Carpaneto,
17 our town building inspector. He explained
18 what he saw when he inspected the wall.
19     He was not able to render an opinion
20 that the wall was structurally unsound
21 within the meaning of the statute, which is
22 reasonable given what Mr. Carpaneto was
23 here to testify to.
24     So, the People then presented an
25 expert witness. Mr. Oliveri then described

1    the wall, described it's problems but he
2    did not testify that it was structurally
3    unsound. In fact, he testified that the
4    bottom stone portion appeared to be stable,
5    the top, while it had moved out, which he
6    considered to be a failure of the wall, it
7    seemed that the tie backs were in
8    acceptable condition.
9        I want to make one side point about
10   the photographs, I think I had excellent
11   descriptive conditions of the wall. I don't
12   think I needed the photographs to make a
13   decision in the case.
14       The People could have put them in,
15   if they choose with some additional follow
16   up questions, but again, we had excellent
17   descriptions and I don't think I needed
18   them.
19       In addition to Mr. Carpaneto's
20   testimony, Mr. Oliveri's testimony and Mr.
21   Greenwald credibly testified as a concerned
22   neighbor and behaved as a reasonable
23   person, he saw what he saw, he sees what he
24   sees and was concerned and came here today
25   and gave his eyewitness testimony and

1          As a result of all the testimony and
2    evidence presented here today, I am
3    compelled to conclude that the Defendants
4    are not guilty of the allegations set forth
5    in the information.
6          This brings me to various procedural
7    issues that have been addressed as we went
8    along.
9          The accusatory instrument in this
10   case after I know I initially ruled that it
11   would not be dismissed, in hearing the
12   evidence and learning what the case was
13   about and doing my research on the statute
14   which I never heard of before in this case
15   and doing my own research on the statute,
16   if this particular case were to appealed,
17   it's my opinion that this information would
18   be bounced out on it's ear, you can't just
19   file an information, which is a criminal
20   accusatory instrument under the CPL and
21   merely site a statute. You have to flesh it
22   out. You have to give nonhearsay
23   allegations to both inform the Defendant of
24   exactly what his offense is, here it's your
25   retaining wall is not stable and you have

1   to fix it and give justification.

2   Now, the justification does not have
3   to be an expert witnesses opinion but it
4   has it be some facts that support a charge
5   being brought against the Defendant. That
6   is just to highlight errors I might have
7   made in this case in the past.

8   Furthermore, and finally, I made my
9   findings today base upon the evidence
10  today. However, this wall is not going
11  anywhere. It's a large high, old, retaining
12  wall. It's certainly not going to improve
13  it's condition over time. The proof may not
14  have been sufficient today to sustain the
15  charges. I can't tell anyone what to do and
16  I am not going to tell anyone what to do.

17  As I stated, this wall is not going
18  away and I encourage the partys to work
19  together in the future. I know you are
20  moving but I also encourage the building
21  department to-- what could I say, keep an
22  eye on this property, but the charges today
23  are dismissed, thank you.

24  MRS. MULLINS: Thank you.

25

```
             C E R T I F I C A T I O N



        Certified to be a true and accurate

   transcript of the aforesaid proceeding.



                    _____M. O'Hare_____

                       Maureen A. O'Hare
```