UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF NEW YORK
-------------------------------------------------------------------X
GARY R. ROTENBERG and JANE J. DICKENSON,    08 Civ. 4703 (SCR)
                    Plaintiff(s),

       vs.


THE TOWN OF MAMARONECK, RONALD A.
CARPANETO (individually), JAYNE GREENWALD
and BLAINE GREENWALD

                   Defendants.
-------------------------------------------------------------------X


# MEMORANDUM OF LAW


                  Miranda Sokoloff Sambursky
                  Slone Verveniotis LLP
                  Attorneys for Defendants
                  The Town of Mamaroneck and
                  Ronald A. Carpaneto
                  240 Mineola Boulevard
                  Mineola, New York 11501
                  (516) 741-7676
                  Our File No.: 07-508


Of Counsel:
      Ondine Slone

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

PROCEURAL HISTORY ........................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

POINT I

      PLAINTIFFS' CANNOT ESTABLISH
      A CLAIM FOR MALICIOUS PROSECUTION ............................................... 3

            A. Initiation and Continuation of a Criminal Prosecution ...................... 4

            B. Probable Cause ................................................................................... 4

            C. Actual Malice ..................................................................................... 6

POINT II

      RON CAPANETO IS PROTECTED
      BY QUALIFIED IMMUNITY ......................................................................... 9

POINT III

      PLAINTIFFS' CANNOT ESTABLISH A
      MONELL CLAIM UNDER SECTION 1983 ................................................... 11

POINT IV

      PLAINTIFFS' STATE LAW CLAIMS MUST
      BE DISMISSED ............................................................................................ 12

            A. Plaintiffs' Have Failed To State A Claim
               For Injurious Falsehood ...................................................................... 13

            B. Plaintiffs' Have Failed To State A Claim
               For Prima Facie Tort .......................................................................... 15

POINT V

THE CURRENT REPLEADING DOES NOT
SET FORTH ANY NEW FACTUAL ALLEGATIONS AND
THUS, IS BARRED BY COLLATERAL ESTOPPEL ....................................................16

CONCLUSION ...........................................................................................................................17

# TABLE OF AUTHORITIES

## Cases

Albright v. Olvier, 510 U.S. 266, 114 S.Ct. 807, 127 L.E.2d 114 (1994) ................................... 6, 7

Alexander & Alexander of New York v. Fritzen, 114 A.D.2d 814, 495 N.Y.S.2d 386
   (1st Dept. 1985) ........................................................................................................ 14

Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.E.2d 523 (1987) ............................ 9

Batista v. Rodriguez, 702 F.2d 393 (2d Cir. 1983) ...................................................................... 11

Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994) ............................................................................ 5

Cardo v. Board of Managers, Jefferson Village Condo 3, 29 A.D.3d 930, 817
   N.Y.S.2d 315 (2d Dept. 2006) ................................................................................... 15

City of New York v. State, 46 A.D.3d 1168, 847 N.Y.S.2d 768 (3rd Dept. 2007) ....................... 12

Colon v. City of New York, 60 N.Y.2d 78 (1983). .......................................................................... 5

Cubby , Inc. v. CompuServe, Inc., 776 F.Supp.135, 141 (S.D.N.Y 1991) ................................... 13

Deising v. Town of Esopus, 204 A.D.2d 940, 611 N.Y.S.2d 964 (3d Dep't 1994) ............. 3, 6, 15

Demorcy v. City of New York, 137 A.D. 2d 650, 524 N.Y.S. 2d 742, 743
   (2d Dept. 1988) ........................................................................................................ 13

DiCosomo v. Getzoff, 11 Misc.3d 1063(A), 816 N.Y.S.2d 695 (N.Y.Sup.,2005) ................. 14, 15

Fincher v. The County of Westchester, 979 F.Supp. 989, 1002 (S.D.N.Y. 1997) ....................... 12

Flacks v. New York City Bd. Of Elections, 16 Misc.3d 1110(A), 847 N.Y.S.2d 896
   (N.Y. Civ. Ct. 2007) ................................................................................................. 12

Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991), cert. denied, 505 U.S. 1221
   (1992) ......................................................................................................................... 5

Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.E.2d 396 (1982) ............................... 9

Hey v. Town of Napoli, 265 A.D.2d 803, 695 N.Y.S.2d 643 (4th Dept. 1999) ........................... 12

Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992) ........................................................................ 4

John W. Lovell Co. v. Houghton, 116 N.Y. 520 (1889) .................................................. 14

Kuriakose v. City of Mt Vernon, 41 F.Supp.2d 460 (S.D.N.Y. 1999) ......................... 11

L.W.C. Agency v. St. Paul Fire and Marine Ins. Co., 125 A.D.2d 371, 509 N.Y.S.2d 97
    (2d Dept. 1986) ............................................................................................................ 15

Levy v. Alfano, 47 F. Supp.2d 488 (S.D.N.Y. 1999) .................................................... 3, 5, 7, 8, 9

Matter of United Nations Dev. Corp. v. Norkin Plumbing Co., 45 N.Y.2d 358, 363, 408
    N.Y.S.2d 424 (1978) .................................................................................................... 12

Mazilli v. City of New York, 154 A.D.2d at 357, 545 N.Y.S.2d 833 (2d Dept. 1989) .... 12, 13, 15

Mejia v. City of New York, 119 F. Supp. 2d 232 (E.D.N.Y. 2000) ............................... 4

Michigan v. DeFillippo, 443 U.S. 31, 36 (1979) ........................................................... 5

Monell v. Dept. of Social Service of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56
    L.E.2d 611 (1978) ........................................................................................................ 11

Murphy v. Lynn, 118 F.3d 938 (2d Cir 1997) ............................................................... 3

Peek v. Williamsville Board of Education, 221 A.D.2d 919, 635 N.Y.S.2d 374
    (4th Dept. 1995) ........................................................................................................... 12

Pehzman v. City of New York, 47 A.D.3d 493, 851 N.Y.S.2d 14, 16 (1st Dept. 2008) .............. 13

Pierson v. Ray, 386 U.S. 547, 555 (1967) .................................................................... 5

Rodriquez v. City of New York, 72 F.3d 1051 (2d Cir. 1995) ...................................... 9

Russell v. Smith, 68 F.3d 33 (2d Cir 1995) ................................................................... 3

Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ............................... 4

SMJ Group, Inc. v. 417 Lafayette Restaurant LLC, 2006 WL 2516519 (S.D.N.Y.) ................. 13

SRW Associates v. Bellport Beach Property Owners, 129 A.D.2d 328, 517 N.Y.S.2d 741
    (2d Dept. 1987) ............................................................................................................ 14

Stanford Heights Fire Dist. v. Town of Niskayuna, 120 A.D.2d 878, 502 N.Y.S.2d 548
    (3d Dept. 1986) ............................................................................................................ 13

Subirats v. D'Angelo, 938 F.Supp.2d 143 (E.D.N.Y. 1996) ........................................ 7

<u>Village of Valley Stream v. Zulli</u>, 64 A.D.2d 609, 406 N.Y.S.2d 534 (2d Dept. 1978). ............. 13

<u>Wanczowski v. City of New York</u>, 186 A.D.2d 397, 588 N.Y.S.2d 1011 (1st Dept. 1992)........ 12

<u>Weyant v. Okst</u>, 101 F.3d 845, 852 ............................................................................................ 5

**Statutes**

Fed. R. Civ. P. 12(b)(6)................................................................................................................. 1
42 U.S.C. § 1983................................................................................................... 1, 6, 7, 11
U.S. Const. amend. IV ................................................................................................................. 1
U.S. Const. amend. XIV .............................................................................................................. 1
Gen. Munc. Law § 50-e ......................................................................................................... 12, 13
Gen. Munc. Law § 50-i ............................................................................................................... 13
NY State Code PM 302.7.............................................................................................................. 5

## PRELIMINARY STATEMENT

Plaintiffs Gary R. Rotenberg and Jane J. Dickson ("the Rotenbergs") commenced this action alleging that the Town of Mamaroneck ("the Town"), Ronald A. Carpaneto ("Ron Carpaneto"), Jayne Greenwald and Blaine Greenwald ("the Greenwalds") maliciously prosecuted the plaintiffs and tortiously interfered with the sale of plaintiffs' former residence located at 5 Huguenot Drive in Mamaroneck, New York. [Exh. A]. Essentially, plaintiffs' claim that the Town and Ron Carpaneto, the Director of Building Code Enforcement and Land Use Administration for the Town of Mamaroneck, maliciously prosecuted the plaintiffs by issuing a Summons and Information regarding the retaining wall located on plaintiffs' property. [Exh. A]. Plaintiffs' also assert state law claims for injurious falsehood and prima facie tort, claiming that by issuing the Summons and Information the Town and Mr. Carpaneto intentionally contributed to the diminution of the fair market value of plaintiffs' former residence. [Exh. A].

Defendants move to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that plaintiffs' Complaint fails to state a claim upon which relief may be granted. Plaintiffs' Complaint does not set forth a valid 42 USC Section 1983 claim and does not assert justiciable constitutional violations under either the Fourth or Fourteenth Amendment. There is no basis for a malicious prosecution claim under either federal or state law. Moreover, the Complaint fails to assert a valid claim for either injurious falsehood or prima facie tort.

## PROCEDURAL HISTORY

Plaintiffs' previously commenced an action in Supreme Court, Westchester County. [Exh. B] The Complaint in the within action is largely similar to the Complaint previously filed in state court, but for the fact that the Complaint in the instant action contains allegations regarding the jurisdiction of the federal court to adjudicate this case. [Exh. A, B] Additionally,

the Complaint in the state court action specifically alleged that the Town and Ron Carpaneto were aware of plaintiffs' contract with Coldwell Banker to sell their home and that the Town and Ron Carpaneto intentionally interfered with that contract. [Exh. B]. These allegations are not contained in the present Complaint. [Exh. A]. Rather, the instant Complaint sets forth new claims for injurious falsehood and prima facie tort, and alleges that the Town and Mr. Carpaneto made false communications regarding the plaintiffs' property with the intent "to cast doubt on the quality of the plaintiffs' property." [Exh. A]

By Decision and Order dated January 16, 2008, the Honorable Justice Richard B. Liebowitz dismissed plaintiffs' complaint for its failure to state a cause of action. Specifically, the Court held "the complaint is an aggregation of allegations which do not rise to the level of specificity required by law." [Exh. C]

## STATEMENT OF FACTS

First and foremost, this Court should be made aware that the Rotenbergs sold their house for $1,400,000, making a profit of over $800,000 and thus, have not suffered any financial damages to justify bringing the instant claim. [See Ex. A, ¶ 114].

The facts of the matter as originated between the plaintiffs and the co-defendants are set forth in the moving papers of the Greenwalds and for the sake of brevity, will not be repeated herein.

The Town's involvement with this matter arose when the Town was contacted by the Greenwalds, who expressed their concern about the condition of the retaining wall. [Exh. A ¶¶ 44-49]. As explained by Ron Carpaneto in his affidavit, sworn to on September 13, 2007, he

2

responded to the Greenwalds' complaint, as he responds to all complaints made by concerned citizens and investigated the problem. [Exh. D].

Ron Carpaneto determined, based on his visual inspection, that the wall was not structurally sound and so, he issued a Notice of Violation. [Exhs. D, E]  The Notice did not impose any fine or penalty – it merely gave the plaintiffs the opportunity to remedy the defect. [Exh. E].

When the Rotenberg's failed to respond, another and Final Notice of Violation was issued on September 29, 2006.  The plaintiffs were given over three months to address the problem and failed to do so.  They did not even contact the Village to discuss the problem. [Exhs. D, F].

Thereafter, on October 17, 2006, a Summons was issued to the Rotenbergs for their failure to address the Violation. [Exhs. D, G].  On November 20, 2006, a hearing was held in Town Court and the Violation was dismissed. [Exh. A. ¶ 110].


## ARGUMENT

### POINT I

#### PLAINTIFFS' CANNOT ESTABLISH A CLAIM FOR MALICIOUS PROSECUTION.

In order to state of claim for malicious prosecution the plaintiff must demonstrate:  (1) the initiation and continuation of criminal process against the plaintiff, (2) the lack of probable cause for commencing the proceeding, (3) actual malice as the motivation for the defendant's actions, and (4) termination of the proceeding in the plaintiff's favor. Murphy v. Lynn, 118 F.3d 938 (2d Cir 1997); Russell v. Smith, 68 F.3d 33 (2d Cir 1995); Levy v. Alfano, 47 F. Supp.2d 88 (S.D.N.Y. 1999); Deising v. Town of Esopus, 204 A.D.2d 940, 611 N.Y.S.2d 964 (3d Dep't

1994). Plaintiff must prove all four of these elements. The absence of any element is fatal to plaintiff's claims. Plaintiffs' Complaint must be dismissed because plaintiffs have not and cannot establish all of the elements necessary of a malicious prosecution claim. Specifically, plaintiff cannot establish that defendants' lacked probable cause for issuing a Notice of Violation to the plaintiffs. Nor can the plaintiffs' establish that defendants' actions were motivated by actual malice.

**A.    Initiation and Continuation of a Criminal Proceeding**

In the instant matter, the Notice of Violation dated June 23, 2006, and the Final Notice of Violation dated September 29, 2006 were for the same problem – the plaintiffs failure to repair the retaining wall. [Exhs. E, F] At the outset it should be noted that these violations did not impose a criminal penalty or commence a criminal process against the plaintiffs.

**B.    Probable Cause**

If this Court finds that the issuance of the Summons was a commencement of a criminal process against the plaintiffs, then it must also find that it was based on probable cause, i.e. plaintiffs' failure to comply with the Violation and the Final Violation Notices by remedying the condition of the retaining wall.

The existence or lack of probable cause is measured at the time of the commencement of the judicial proceeding, *i.e.* at the time the Summons and Information was issued. Mejia v. City of New York, 119 F. Supp. 2d 232 (E.D.N.Y. 2000).

Probable cause exists when there is "reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed" by the person against whom the judicial proceeding is commenced. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)).

4

As set forth in the affidavit of Ron Carpaneto, he issued a Notice of Violation, Final Notice of Violation, and ultimately a Summons and Information to the Rotenbergs because of his concern that the retaining wall did not appear safe and could potentially cause damage to the Greenwalds' property or result in personal injury. [Exh. D]  As Mr. Carpaneto had probable cause to issue the Violations and the Summons and Information, plaintiffs' claim for malicious prosecution is barred.

"It is axiomatic that 'probable cause' is determined with reference to the facts known to the citing officer at the time of the citation, not the results of the subsequent prosecution." Levy v. Alfano, 47 F.Supp.2d 488, 494 (S.D.N.Y. 1999).  Simply because the plaintiffs were able to retain an expert to state that the wall was stable, does not prove that Mr. Carpaneto lacked probable cause to issue the Violation (which is not a criminal process in any event). See Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852; Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991), cert. denied, 505 U.S. 1221 (1992).  Hence, whether the Summons and Information was ultimately dismissed is irrelevant to the determination of probable cause. See Michigan v. DeFillippo, 443 U.S. 31, 36 (1979).  Probable cause may even exist even where the officer has mistaken information, so long as it was reasonable for him or her to rely on that information. Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994); Colon v. City of New York, 60 N.Y.2d 78 (1983).

Plaintiffs' Complaint must be dismissed because Mr. Carpaneto had probable cause to issue the Summons and Information based on his reasonable belief that the retaining wall was not structurally sound in violation of NY State Code PM 302.7 which requires that all walls be maintained structurally sound and in good repair. [Exh. D]

## C.    **Actual Malice**

Plaintiffs' Complaint must be dismissed because there is simply no evidence that the defendants' actions were motivated by actual malice. A Building Department's issuance of a Notice of Violation, a Final Notice of Violation and a Summons for failing to comply with the foregoing cannot be considered malicious. See, Deising, supra [commencement of both criminal and civil proceeding seeking enforcement of zoning laws and in the process, sending copies of the inspection report to 26 people including each member of the Town Board, Planning Board, Zoning Board of Appeals, the assessor and two neighbors who had complained, was not considered malicious].

Furthermore, as outlined in his affidavit, Ron Carpaneto acted completely professionally and within the parameters of his role as the Director of Building Code Enforcement and Land Use Administration for the Town of Mamaroneck. [Exh. D] There was no malice in his actions, any inappropriate or even unkind words expressed to the plaintiffs at any time during the process. He did not gain any personal advantage in issuing the violations and acted solely out of the public interest to rectify a problem with an apparently unstable retaining wall. It certainly does not establish that Mr. Carpanto acted maliciously or inappropriately under the circumstances.

Additionally, 42 USC Section 1983 claims based on malicious prosecutions are subject to an even more rigorous analysis as the result of the Supreme Court's decision in Albright v. Olvier, 510 U.S. 266, 114 S.Ct. 807, 127 L.E.2d 114 (1994). As Justice Rehnquist determined, pretrial deprivations of liberty are addressed in the Fourth Amendment which protects against unreasonable searches and seizures and the issuance of warrants without probable cause. Where, as here, a plaintiff is making a claim for malicious prosecution under 42 USC Section 1983, the

Court must determine whether the plaintiffs' conduct was tortious and whether the injuries were caused by the deprivation of liberty guaranteed by the Fourth Amendment. The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person – i.e. the right to be free of unreasonable or unwarranted restraints on personal liberty. Id.

The plaintiff asserting a Section 1983 malicious prosecution claim must demonstrate a deprivation of liberty consistent with the concept of seizure. This added requirement is to ensure that any damages awarded for such a claim compensates for a constitutional deprivation. Subirats v. D'Angelo, 938 F.Supp.2d 143 (E.D.N.Y. 1996). The requirement of a Court appearance in and of itself would not rise to the level of a constitutional injury, nor would the attendant legal fees or injury to reputation. Id.

The plaintiffs herein were not searched or seized at all. They were not deprived of any liberty or use of their property. They continued to fully use their property until they chose to sell it.

Indeed, as this Court noted in Levy v. Alfano, "the first in any action under § 1983 is for the court to determine 'whether the plaintiff has alleged a deprivation of a constitutional right.'" 47 F.Supp.2d at 497. The facts of Levy are very similar to the facts of the case at bar. There, plaintiff's neighbor complained to the City of New Rochelle officials about a bird feeder located on the plaintiff's property. A Senior Construction Building Inspector for the City went to plaintiff's property and conducted a visual inspection of the bird feeder. He did not take any measurements. Thereafter, plaintiff was issued two Notices of Violation and finally a criminal citation for erecting and/or constructing a structure in excess of four feet (4') without first obtaining a building permit in violation of the New Rochelle City Code. Plaintiff declined to

7

accept a settlement and a trial was held.    In dismissing plaintiff's claim for malicious prosecution, the Court found that the Building Inspector had probable cause to issue the citation. Levy, 47 F.Supp.2d at 494.    The Court also dismissed plaintiff's claim that her Fourteenth Amendment due process rights were violated, stating:

> "Plaintiff alleges that she was deprived of her due process rights by virtue of this prosecution.  I cannot understand of what process she was deprived.  She was accused of violating a law.  She had a trial, at which she was represented by counsel of great competence.  She had her day in court.  She was vindicated.  What more process could have been due her?"

Levy, 47 F.Supp.2d at 497.

Thus, for the reasons set forth above, plaintiffs are unable to establish the elements necessary to maintain either a State or Federal malicious prosecution claim.

## POINT II

### RON CARPANETO IS PROTECTED BY QUALIFIED IMMUNITY

Public officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.E.2d 396 (1982); Levy v. Alfano, 47 F.Supp.2d 488 (1999).

There is no established statutory or constitutional right that protects the Rotenbergs from the issuance of a Violation and a Summons for failing to respond to the Violation. Especially where, as here, a legitimate concern about the retaining wall was brought to the attention of Ron Carpaneto.

Moreover, assuming *arguendo* that plaintiffs' ever had such a right, Mr. Carpaneto is entitled to qualified immunity so long as it was objectively reasonable for him, as a public official, to believe that his acts were not violating plaintiffs' rights. Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.E.2d 523 (1987); Rodriquez v. City of New York, 72 F.3d 1051 (2d Cir. 1995); Levy, supra.

Mr. Carpaneto made his determination to issue a Violation based on his concern that the wall was not safe. [Exh. D] The lower portion had some cracks in it; the top portion shifted over the edge of the stone; the wall appeared to be leaning; and some of the tie backs were rusted. [Exh. D]

Mr. Carpaneto's concerns were supported by independent engineers, including Anthony Oliveri, P.E. and Grigg and Davis Engineers, P.C., the former who pointed out some of the

9

structural problems and the latter who actually gave recommendations on what needs to be complied with in order for the wall to be safe. [Exh. I].

Mr. Carpaneto's actions were motivated solely by his concern for public safety and he did not deprive the Rotenbergs of any statutory or constitutional right. Accordingly, Ron Carpaneto, the Director of Building Code Enforcement and Land Use Administration for the Town, is entitled to qualified immunity for his actions in this matter.

## POINT III

### PLAINTIFFS' CANNOT ESTABLISH A MONELL CLAIM UNDER SECTION 1983

It is well settled that a municipality may not be held liable for the actions of its officials and employees on a theory of respondeat superior and may only be found liable under Section 1983 where it acts pursuant to a municipal custom or policy.. Batista v. Rodriguez, 702 F.2d 393 (2d Cir. 1983); Monell v. Dept. of Social Service of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.E.2d 611 (1978).

A municipality is liable under 42 USC 1983 only when the execution of a government's policy or custom inflicts the injury. Monell, 436 U.S. 658. Municipalities are liable only if the action alleged to be unconstitutional implements a statement, ordinance regulation or decision promulgated by the governing body of officers or a common custom of the municipality even where such custom has never been officially adopted or approved. Kuriakose v. City of Mt Vernon, 41 F.Supp.2d 460 (S.D.N.Y. 1999). To state a claim against a municipality based on the actions of its employees, a plaintiff must show a pattern or policy by the officials involved that is so persistent as to amount to a custom or usage. Kuriakose, 41 F.Supp.2d 460.

First, the plaintiffs do not allege a constitutional violation other than to state generally that their Fourth and Fourteenth Amendment rights were violated. The issuance of a Violation by the Building Department and resulting Summons is not a constitutionally protected right.

Second, there was no inappropriate pattern and practice of Ron Carpaneto which rises to the level of custom or usage to justify a claim against the Town.

As such, there is no interpretation of the facts as set forth in plaintiffs' complaint to support a Monell claim. Accordingly, the complaint against the Town should be dismissed.

11

## POINT IV

## <u>PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED.</u>

At the outset, plaintiffs' state law claims for injurious falsehood and prima facie tort must be dismissed because plaintiffs' failed to plead these claims in their Notice of Claim. "A notice of claim is a condition precedent to bringing a tort claim against a municipality." <u>Fincher v. The County of Westchester</u>, 979 F.Supp. 989, 1002 (S.D.N.Y. 1997) (citing Gen. Mun. Law § 50-e). "Compliance with the notice of claim requirement falls within the threshold jurisdiction of the court." <u>Hey v. Town of Napoli</u>, 265 A.D.2d 803, 695 N.Y.S.2d 643 (4th Dept. 1999) (citing <u>Matter of United Nations Dev. Corp. v. Norkin Plumbing Co.</u>, 45 N.Y.2d 358, 363, 408 N.Y.S.2d 424 (1978)).

Failure to comply with the notice of claim requirement actually deprives the court of subject matter jurisdiction and operates as a complete bar to the action. <u>City of New York v. State</u>, 46 A.D.3d 1168, 847 N.Y.S.2d 768 (3rd Dept. 2007) (untimely notice of claim deprived the Court of subject matter jurisdiction); <u>Peek v. Williamsville Board of Education</u>, 221 A.D.2d 919, 635 N.Y.S.2d 374 (4th Dept. 1995) (untimely notice of claim was jurisdictional defect and precluded cause of action against school district); <u>Flacks v. New York City Bd. Of Elections</u>, 16 Misc.3d 1110(A), 847 N.Y.S.2d 896 (N.Y. Civ. Ct. 2007).

"Causes of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed." <u>Mazzilli v. City of New York</u>, 154 A.D.2d 355, 545 N.Y.S. 2d 833, 835 (2d Dept. 1989). "The fact that a cause of action not mentioned in the notice of claim arises out of the same incident as enumerated claims 'is not pivotal; rather, the nature of the claim and the theory of liability are determinative.'" <u>Fincher</u>, 979 F.Supp. at 1003 (S.D.N.Y. 1997) (quoting <u>Wanczowski v. City of New York</u>, 186 A.D.2d

397, 588 N.Y.S.2d 1011 (1st Dept. 1992) (quoting <u>Mazilli v. City of New York</u>, 154 A.D.2d at 357, 545 N.Y.S.2d at 835)).  "The addition of such causes of action which were not referred to, either directly or indirectly in the original notice of claim would substantially alter the nature of the plaintiffs' claims." <u>Demorcy v. City of New York</u>, 137 A.D. 2d 650, 650-651, 524 N.Y.S. 2d 742, 743 (2d Dept. 1988).

Plaintiffs' Notice of Claim alleges only that Town of Mamaroneck negligently issued the Notices of Violations. [Exh. K]. As plaintiffs' Notice of Claim did not allege injurious falsehood or prima facie tort, these claims are necessarily barred for plaintiffs' failure to comply with General Municipal Law § 50-e. <u>See</u> <u>Pehzman v. City of New York</u>, 47 A.D.3d 493, 851 N.Y.S.2d 14, 16 (1st Dept. 2008); <u>Stanford Heights Fire Dist. v. Town of Niskayuna</u>, 120 A.D.2d 878, 502 N.Y.S.2d 548 (3d Dept. 1986) (there is "no doubt" that prima facie tort falls within the scope of General Municipal Law § 50-i; <u>Village of Valley Stream v. Zulli</u>, 64 A.D.2d 609, 406 N.Y.S.2d 534 (2d Dept. 1978).

While plaintiffs' claims for injurious falsehood and prima facie tort must be dismissed based upon the failure to include them in the Notice of Claim, defendants have nevertheless also addressed the substantive grounds upon which each of these claims should likewise be dismissed.

**A.    <u>Plaintiffs' Have Failed To State A Claim For Injurious Falsehood</u>**

"To state a claim of injurious falsehood, plaintiffs must sufficiently allege that (1) defendants knowingly published false and derogatory matter regarding plaintiffs' business, and (2) that defendants' purpose was to interfere with plaintiffs' relations with others, to plaintiffs' detriment." <u>SMJ Group, Inc. v. 417 Lafayette Restaurant LLC</u>, 2006 WL 2516519 (S.D.N.Y.) (citing <u>Cubby , Inc. v. CompuServe, Inc.</u>, 776 F.Supp.135, 141 (S.D.N.Y 1991).

A plaintiff asserting a claim for injurious falsehood must set forth the particular falsehood uttered by the defendants. <u>Alexander & Alexander of New York v. Fritzen</u>, 114 A.D.2d 814, 495 N.Y.S.2d 386 (1st Dept. 1985). Plaintiffs' complaint does not set forth any alleged defamatory or injurious statement with any particularity. As such, plaintiffs' claim for must be dismissed.

Moreover, as demonstrated above, *supra*, there is simply no basis for plaintiffs' accusation that Ron Carpaneto issued the Notices of Violation or the Summons with the intent to interfere with the sale of plaintiffs' home. Indeed, Mr. Carpaneto was not even aware of the plaintiffs' intention to sell their home. [Exh. D]

Furthermore, the Notices of Violation and the Summons issued by Ron Carpaneto are qualifiedly privileged. A communication is privileged when it is "fairly made by a person in discharge of a private or public duty, legal or moral, or in the conduct of his own affairs where his interests are concerned." <u>John W. Lovell Co. v. Houghton</u>, 116 N.Y. 520 (1889). As Mr. Carpaneto issued the Notices of Violation and the Summons in furtherance of his duties as the Director of Building Code Enforcement and Land Use Administration for the Town of Mamaroneck, these communications are clearly entitled to a qualified privilege. Thus, plaintiffs' claim for injurious falsehood must fail.

Finally, "to recover damages for injurious falsehood, special damages must be proved to be the direct and natural result of the falsehood." <u>DiCosomo v. Getzoff</u>, 11 Misc.3d 1063(A), 816 N.Y.S.2d 695 (N.Y.Sup.,2005). When the matter is one of pure speculation or conjecture, a cause of action to recover damages for injurious falsehood does not lie. <u>SRW Associates v. Bellport Beach Property Owners</u>, 129 A.D.2d 328, 517 N.Y.S.2d 741 (2d Dept. 1987).

A plaintiff's "speculation and conclusory allegations that defendant made false statements that were the direct cause of his injury are insufficient to raise a triable issue of fact in this

regard. Nor are plaintiffs general allegations as to damage to his reputation." DiCosmo 11 Misc.3d 1063(A) * 5 ( citing L.W.C. Agency v. St. Paul Fire and Marine Ins. Co., 125 A.D.2d 371, 509 N.Y.S.2d 97 (2d Dept. 1986).

In the instant case, plaintiffs' offer no basis for their claim that Ron Carpaneto issued the Notices of Violation and summons in order to negatively effect the sale of plaintiffs' home, nor do they offer any basis for their claim that either the Notices of Violation or the summons directly resulted in any diminishment in value of their property. Indeed, plaintiffs' sold their home for $1.4 million dollars. [Exh. A ¶ 114]. Therefore, plaintiffs' claim for injurious falsehood must be dismissed.

**B.    Plaintiffs' Have Failed To State A Claim For Prima Facie Tort**

Plaintiffs' baseless allegation that the defendants intended to cause harm to the plaintiffs' is insufficient to establish a claim for prima facie tort. The elements of a cause of action for prima facie tort are: (1) the intentional infliction of harm; (2) that results in special damages; (3) without any excuse or justification; (4) by an act or series of acts that would otherwise be lawful. Cardo v. Board of Managers, Jefferson Village Condo 3, 29 A.D.3d 930, 817 N.Y.S.2d 315 (2d Dept. 2006).

As demonstrated above, a Building Department's issuance of a Summons for failure to comply with a Notice of Violation is not malevolent. Deising, 204 A.D.2d at 942. Moreover, "because defendant's conduct was prompted by a complaint and defendant has a duty to enforce its building codes, plaintiff's evidence fails to show that defendant acted without excuse or justification in pursuing the enforcement actions." Id. Therefore, plaintiffs' claim for prima facie tort must be dismissed.

## POINT V

## THE CURRENT REPLEADING DOES NOT SET FORTH ANY NEW FACTUAL ALLEGATIONS AND THUS, IS BARRED BY COLLATERAL ESTOPPEL

In dismissing plaintiffs' state court complaint for failure to state a cause of action, the Court stated:

> The complaint in a lawsuit is intended to provide a defendant with official notice regarding the matters for which a plaintiff intends to seek redress. In addition to a factual matrix, the complaint must contain a cognizable cause of action. In this case, the complaint is an aggregation of allegations which do not rise to the level of specificity required by law. This conclusion is underscored by defense counsel's attempt to opine as to the essence of plaintiffs' cause of action. Under these circumstances, the Court has no choice but to dismiss the complaint.

[Exh. C]

Plaintiffs' now re-plead the same allegations, only in Federal court. Obviously, the question becomes that if these same allegations failed to state a cause of action in State court, what has changed? In short, absolutely nothing. Indeed, plaintiffs' have merely added sub-headings to their initial pleading. Plaintiffs' do not allege any specific violation of their constitutional rights or state any basis for their claims that defendants' were aware of their intention to sell their home and intentionally attempted to interfere with the sale of same. Rather, plaintiffs' amorphously states that their Fourth and Fourteenth Amendment rights have been violated. This is insufficient.

The current complaint is essentially a re-pleading of the same complaint that the state court held failed to state a cause of action. By re-pleading the same allegations which were deemed insufficient in state court, plaintiffs' are simply forum shopping. Moreover, plaintiffs' claims are barred by collateral estoppel as the State court has already held that plaintiffs' allegations do not state a cause of action.

Accordingly, plaintiffs' complaint should be dismissed in its entirety.

16

## CONCLUSION

For the foregoing reasons, defendants respectfully submit that this action should be dismissed in its entirety, together with such further relief as it deems just and proper.

DATED:      Mineola, New York
               August 4, 2008

                                          MIRANDA SOKOLOFF
SAMBURSKY SLONE VERVENIOTIS LLP
Attorneys for Defendants
TOWN OF MAMARONECK and
RON CARPANETO

By:     ONDINE SLONE (OS8351)
          240 Mineola Blvd.
          Mineola, New York 11501
          (516) 741-7676
          Our File No. 07-508

17